## SCARBOROUGH v. MERCHANTS AND FARMERS BANK.

Where a plaintiff sues out an attachment which is levied on certain personal property, and files his declaration in attachment, and gives the defendant notice thereof as provided by law, and no plea or traverse of the attachment is filed, and a verdict is rendered in favor of the plaintiff for the sum declared on, upon which verdict a judgment in personam is duly entered, and where such judgment is amended at a subsequent term of the court by adding thereto a judgment in rem upon the property attached, the amendment to the judgment will not be set aside on motion of the defendant, predicated solely on the ground that it was made at a subsequent term of the court, on the ex parte application of the plaintiff.

Argued July 24,—Decided November 21, 1908.

Motion to vacate. Before Judge Whipple. Crisp superior court. December 14, 1907.

On December 17, 1904, the Merchants & Farmers Bank sued out a fraudulent debtor's attachment against R. B. Scarborough, in the superior court of Dooly county, which was levied on certain personal property in the possession of the defendant. Notice was served on the defendant, and a declaration was filed at the first term of the court. Upon the organization of Crisp county the attachment proceedings were transferred to the superior court of that county. No traverse of the ground of attachment nor plea was filed, and at the March term, 1906, of the superior court of Crisp county a verdict was taken for the plaintiff for the amount declared upon, and a general judgment was entered upon the verdict. At the July term, 1907, of the court, on motion of the plaintiff, the general judgment was amended by declaring that the sum recovered be a special lien upon the attached property. Subsequently the defendant in attachment filed his motion to vacate and set aside the amendment to the judgment, because the judgment was amended without notice to him, and because there is no authority of law to make an amendment of this character after the adjournment of the term of the court at which the judgment was rendered. The court refused the motion, and exception was taken to this order.

*Walter F. Hall,* for plaintiff in error.   *J. T. Hill,* contra.

EVANS, P. J. (After stating the facts.) Much liberality is allowed in the amendment of judgments. The code provides that a judgment may be amended, by order of the court, in conformity to the verdict upon which it is predicated, even after execution issues. Civil Code, §5113. The rule has always been recognized in this State that a judgment may be amended to conform to the verdict and pleadings at a subsequent term. *Dennis* v. *Colley,* 112 *Ga.* 114 (37 S. E. 119). In the case of *Alexander* v. *Troutman,* 1 *Ga.* 469, it was held that if in the entering up of a judgment on a note bearing interest from date, upon a confession of judgment, the interest in the judgment is computed only from maturity, the judgment may be amended at a subsequent term so as to include the interest on the note from its date. In *Bell* v. *Bowdoin,* 109 *Ga.* 209 (34 S. E. 339), a judgment was rendered by a justice of the peace against the defendant, for principal, interest, and costs, and this court held that the justice could amend this judgment at a subsequent term by inserting therein the several amounts which

the pleadings showed to be due. But the judgment must be amended by an inspection of the record, including the pleadings and verdict, without resort to extraneous proof. *Dixon* v. *Mason,* 68 *Ga.* 478.

Let us apply this principle to the facts of the present case. The defendant had filed neither plea nor traverse; the plaintiff filed his declaration in attachment at the first term, and notice thereof was given the defendant, and a verdict was rendered for the amount declared on. Under the pleadings and verdict the plaintiff was entitled to a judgment in personam, and also in rem, upon the property on which the attachment was levied. Civil Code, §4575. As only a judgment in personam was entered, the plaintiff was entitled to amend his judgment nunc pro tunc so as to include a judgment in rem. In an attachment case, where no plea had been filed, an unauthorized judgment in personam was allowed to be amended at a subsequent term into a judgment in rem upon the property on which the attachment was levied. *Mahone* v. *Perkinson,* 35 *Ga.* 207.

The amendment was allowed on the plaintiff's ex parte motion, and the defendant insists that the amendment is void because he had no notice of the proceeding. The general rule is well established that a judgment can not be amended, after the term at which it was rendered, upon an ex parte application. Due and proper notice should be given the opposite party so as to give him an opportunity to resist the proposed amendment. Nevertheless, if the amendment is to be based upon matter of record, and the judgment as amended follows as a matter of course, the necessity of giving notice to the adverse party is not so evident. 1 Black on Judgments, §164. In the case before us the defendant could not file a plea contesting the amount of the judgment, because he is concluded by the final judgment in personam. Civil Code, §4558. The statute requires a traverse of the grounds of the attachment, to be filed at the return term of the attachment, and does not provide for a traverse at a subsequent term. Civil Code, §4560; *Banks* v. *Hunt,* 70 *Ga.* 741. In his motion to vacate the amendment to the judgment, the defendant does not allege that any fraud was practiced on him; or that he was prevented by any act of the plaintiff from seasonably filing a traverse of the ground of the attachment. His right to a vacation of the amendment to the

judgment is predicated solely upon the ground that it was made at a term subsequent to the rendition of the original judgment, and without notice to him. Under the circumstances of this case it would be idle to set aside the amendment to the judgment because of lack of notice, when the defendant omits to show that a different judgment would be possible had he been notified of the proposed amendment. *Judgment affirmed. All the Justices concur.*