### 9441. KING *et al. v.* RODGERS.

WADE, C. J. 1. A judgment may be amended by order of the court, to make it conform to the verdict upon which it is predicated (Civil Code of 1910, § 5697); and such an amendment may be made after the expiration of the term at which the judgment was entered (*Irby v. Brown, 59 Ga.* 597); though it is otherwise as to the amendment of a judgment on the merits of a cause, where it is sought to amend after adjournment of such term, by reason of facts or conditions subsequently occurring. *Richards* v. *McHan,* 139 *Ga.* 37 (76 S. E. 382). "The rule has always been recognized in this State that a judgment may be amended to conform to the verdict and pleadings at a subsequent term. *Dennis* v. *Colley,* 112 *Ga.* 114 (37 S. E. 119)." *Scarborough* v. *Merchants & Farmers Bank,* 131 *Ga.* 590, 591 (62 S. E. 1040). See also *Rucker* v. *Williams,* 129 *Ga.* 828 (60 S. E. 155).

2. The bill of exceptions in this case was sued out to the Supreme Court, upon the idea that the proceeding in the lower court was an equitable one, and the judgment amended by the order of the trial court a decree in equity. The Supreme Court transferred the case to this court, holding that the pleadings upon which the case was tried amounted merely to an action at law, and that, owing to the nature of the case, the judgment allowing an amendment to the former judgment was not a judgment in an equity case. *King* v. *Rodgers,* 147 *Ga.* 464 (94 S. E. 580). The judgment amended being merely a common-law judgment, and the amendment complained of merely making the judgment conform to the verdict, the trial judge did not err in allowing the amendment.      *Judgment affirmed. Jenkins and Luke, JJ.; concur.*

DECIDED APRIL 11, 1918.

Motion to amend decree; from Muscogee superior court—Judge Howard. March 1, 1917.

*Hatcher & Hatcher,* for plaintiffs in error.

*A. W. Cozart, J. E. Chapman,* contra.