32303.   ALLEN *et al. v.* COMMUNITY LOAN & INVESTMENT CORP.

DECIDED FEBRUARY 11, 1949.

*Frank Grizzard, Frank A. Bowers,* for plaintiffs.
*Samuel Green Jr.,* for defendant.

SUTTON, C. J.   A judgment may be revised or amended, or entered of record, nunc pro tunc, on proper motion, at a term subsequent to that at which the judgment was rendered, so as to make the judgment speak the truth of the decision that was actually rendered, or to make it conform to the verdict; but the judgment must be amended by an inspection of the record, including the pleadings and the verdict, without resort to extraneous evidence.   See Code §§ 24-104 (6), 81-1201, 81-1205, 110-311; *Dixon* v. *Mason,* 68 *Ga.* 478; *Scarborough* v. *Merchants &c. Bank,* 131 *Ga.* 590 (62 S. E. 1040); *Jones* v. *Whitehead,* 167 *Ga.* 848 (5) (146 S. E. 768); *Bank of Tupelo* v. *Collier,* 192 *Ga.* 409, 412 (15 S. E. 2d, 499); *Miller* v. *Jackson,* 49 *Ga. App.* 309 (2) (175 S. E. 409).   This power to amend and revise does not include the power to supply judicial omissions so as to include

what a court might or should have decided, but did not actually so decide. *Pendergrass* v. *Duke,* 147 *Ga.* 10 (2) (92 S. E. 649); *Dunn* v. *Southern Bell T. & T. Co.,* 49 *Ga. App.* 264 (175 S. E. 261); *Chandler* v. *Hammett,* 73 *Ga. App.* 325 (36 S. E. 2d, 184). An inspection of the record in the present case shows that the plaintiffs filed a suit against the defendant in which they sought an injunction and cancellation of certain notes and bills of sale, it being alleged that the notes and bills of sale were tainted with usury and that the defendant was threatening to take possession of their household effects, which were set out in the bill of sale. The defendant filed an answer and cross-action in which it was alleged that the plaintiffs were indebted to it in the sum of $386.10, as a balance on a note and bill of sale, a copy of which was attached to the cross-action. The defendant prayed that it have a judgment against plaintiffs for $386.10 and costs. A jury trial was waived by counsel for both parties, and a judgment, by consent of counsel for plaintiffs, was rendered for the defendant on the cross-bill for the sum of $386.10 and costs. No special judgment in rem against the property was asked or prayed for by the defendant in the cross-action. From the record before this court, it appears that the judgment for the defendant was in exactly the manner and amount sought by the defendant, and with the consent of counsel for the plaintiffs, a jury trial having been waived. Under the record and the law applicable to a proceeding to have a judgment amended the defendant was not entitled to have the judgment in personam amended by making it also a judgment in rem.

*Judgment reversed. Felton and Parker, JJ., concur.*