42595. REID v. STRICKLAND et al.

Deen, Judge. 1. The judge of a superior court may take judicial notice of the record in a case before him and of what transpired in his presence on the trial thereof. *Woodruff v. Balkcom,* 205 Ga. 445 (53 SE2d 680); *Howell v. State,* 162 Ga. 14, 20 (134 SE 59); *State of Ga. v. Smallwood,* 103 Ga. App. 400 (5) (119 SE2d 297); *Reserve Life Ins. Co. v. Peavy,* 98 Ga. App. 268, 272 (105 SE2d 465); *Hamilton v. Hamilton,* 80 Ga. App. 750 (1) (57 SE2d 301). Accordingly, where a motion was made to delete certain language from a judgment of the court based on the verdict of a jury in a death action, which language indicates that the jury found the defendant guilty of both negligence and wanton disregard of the life of the decedent, language in the order of the court denying the motion to amend the original judgment which states that the plaintiffs elected in open court

to proceed on grounds of wilful and wanton negligence is not erroneous as against the contention that it is a statement by the court of a fact not apparent on the face of the record.

2. (a) "After the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits. A decree, during the term at which it was rendered, is said to be in the breast of the judge; after it is over, it is upon the roll." *Carswell v. Shannon,* 209 Ga. 596 (2) (74 SE2d 850). As to matters of form ascertainable from the pleadings and verdict in the case, it may of course be amended at any time, even after execution. *Code* § 110-311; *Irby v. Brown,* 59 Ga. 596.

(b) The petition in the case on which this appeal is based charged the defendant with both ordinary negligence and wilful and wanton misconduct. As such it would have been subject to appropriate demurrer for duplicity (*Flint Explosive Co. v. Edwards,* 84 Ga. App. 376 (2) (66 SE2d 368)), but in the absence of demurrer, the plaintiff would have been entitled to recover upon proof of ordinary negligence only. *Fountain v. Tidwell,* 92 Ga. App. 199, 205 (88 SE2d 486). However, a plaintiff is bound by his election, and where it appears, as here, that the plaintiff did in fact elect to proceed on the theory of wilful and wanton lack of care on the part of the defendant, and the court so instructed the jury, it is not ground for reversal for the court, in the judgment entered on the plaintiff's verdict, to state in the language of paragraph 7 (d) of the plaintiff's petition that the jury "found that the defendant negligently, carelessly, and with wanton disregard of the life of the plaintiff's son" caused his death as the result of a collision between defendant's automobile and the decedent's bicycle. This ruling, it should be noted, is limited to an order on a motion to amend the judgment made after the term of court in which it was rendered had terminated; it is not necessary to pass upon the advisability of including such language in a judgment founded on a plain money verdict or of determining whether a different situation would be presented had the motion been made before the judgment became final and the time for appeal had passed. We do not have at issue the correctness of the original judgment as such, but only the correctness of the order refusing to modify that judgment after the term

of court in which it had passed was ended. The decision in *Rice v. Farmers Bank of Bowman,* 149 Ga. 530 (2) (101 SE 178) supports rather than conflicts with this ruling. It was there held that where a verdict was as a matter of fact based on an agreement of counsel, but nothing in the pleadings or verdict showed this fact, the court did not err in denying a motion to amend the judgment entered on the verdict so as to conform it to the true intent of the agreement, at a subsequent term of court.

*Judgment affirmed. Frankum, P. J., and Quillian, J., concur.*

SUBMITTED FEBRUARY 8, 1967—DECIDED FEBRUARY 23, 1967— REHEARING DENIED MARCH 14, 1697—

*Robert R. Tisdale, Elijah A. Brown,* for appellant.
*William H. Alexander,* for appellees.