## 54477. UNION CIRCULATION COMPANY, INC. v. TRUST COMPANY BANK et al.

QUILLIAN, Presiding Judge.

Division 2 of this court's opinion in *Union Circulation Co. v. Trust Co. Bank,* 143 Ga. App. 715 (240 SE2d 100), was reversed on certiorari by the Supreme Court in *Trust Co. Bank v. Union Circulation Co.,* 241 Ga. 343. The holding of the Supreme Court is made the holding of this court.

(1) Division 1 of this court's original opinion is reaffirmed.

(2) This case was remanded to this court ". . . to determine whether there is an issue of fraud on the part of Trust Company which would toll the statute of limitation and, if so, whether that issue was properly resolved on summary judgment."

As stated in the original opinion, the fraud referred to in Code § 3-807 "which is necessary to toll the statute of limitations until the discovery of the fraud which gives rise to the cause of action, must be actual fraud, involving moral turpitude, which 'debars and deters' the plaintiff from his action. . ." *Middleton v. Pruden,* 57 Ga. App. 555 (1) (196 SE 259). Justice Lumpkin, in *Kirkley v. Sharp,* 98 Ga. 484, 488 (25 SE 562), stated that " 'it is well to remember that the fraud in question is not that which gives [a cause of action], but that which conceals a cause of action. . .' " " 'To constitute concealment of a cause of

action so as to prevent the running of limitations, some trick or artifice must be employed to prevent inquiry or elude investigation, or to mislead and hinder the party who has the cause of action from obtaining information, and the acts relied on must be of an affirmative character and fraudulent.'" *Middleton v. Pruden,* 57 Ga. App. 555 at 560, supra. See also *Clinton v. State Farm &c. Ins. Co.,* 110 Ga. App. 417, 422 (138 SE2d 687).

We find the record devoid of any evidence of concealment or any "actual fraud" of the bank which debarred or deterred plaintiff from discovery of the acts which are the basis of this action, and which would have tolled the statute of limitation. However, this finding must be viewed in light of our holding in Division 3, infra.

(3) Plaintiff-appellant, Union Circulation Company, enumerates as error the failure of the trial court to consider six depositions, which had been sealed by the court, in its decision on the defendant's motion for partial summary judgment.

The court's order and judgment states "after full consideration of the pleadings on file, all relevant evidence, and briefs and arguments of counsel. . . Trust Company's motion for partial summary judgment is hereby granted. . ." The clerk's certificate listed six depositions that "remained sealed during the pending of this action and were not unsealed during any of the hearings and proceedings in the above-referenced action and have not been unsealed as of the date of execution of [his] certificate."

In a similar case this court held: ". . . since the party opposing the motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue of material fact exists [Cits.], it is our view that the judgment must be reversed and the case remanded for the trial court to enter a new order after taking into consideration 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. . .' [Cit.] 'Nowhere in the statute [CPA § 56] is there any requirement that these items be introduced into evidence. In fact, it seems to us, that due to the harsh nature of the remedy involved, a trial judge should always *search the entire record* before

granting a motion for summary judgment, and should not limit himself to the evidence introduced at the hearing.' *Thompson v. Abbot,* 226 Ga. 353, 355 (174 SE2d 904). (Emphasis supplied.) 'The parties need not formally offer their outside matter as evidence or have it marked as an exhibit at the hearing on the motion. Given this process, the court is obliged to take account of the entire setting of the case on a Rule 56 motion. In addition to the pleadings, it will consider *all papers of record,* as well as any material prepared for the motion that meets the standard prescribed in Rule 56 (e).' " *Jackson v. Couch Funeral Home,* 131 Ga. App. 695-696 (206 SE2d 718).

The plaintiff brought to the attention of the trial court his lack of consideration of the six sealed depositions, but the trial court declined to consider them. This was error requiring reversal of the motion for partial summary judgment. The case is remanded for the trial court to consider all of the evidence in conformance with this opinion and to enter a new order.

(4) Because this court does not have all the evidence of record before us, it is impossible for us to carry out the mandate of the Supreme Court. However, as stated in Division 2, supra, based on the evidence before us, we find the record devoid of any evidence of concealment or any "actual fraud" of the bank which debarred or deterred plaintiff from discovery of the acts which are the basis of this action. But, because the trial court did not consider the six sealed depositions, the case must be remanded to the trial court for consideration of all the evidence and entry of a new order. *Jackson v. Couch Funeral Home,* 131 Ga. App. 695, supra.

*Judgment reversed and remanded. Shulman and Banke, JJ., concur.*

DECIDED JULY 10, 1978.

*Strother, Weiner & Dwyer, Beryl H. Weiner,* for appellant.

*King & Spalding, A. Felton Jenkins, Jr., George S. Branch, J. L. Eisenberg,* for appellees.