66291. BURNS v. FEDCO MANAGEMENT COMPANY.

CARLEY, Judge.

Appellee-Fedco Management Company (Fedco) brought suit to recover a condominium assessment alleged to be owed by appellant-Burns. The case came on for non-jury trial. The trial court found that appellant was the owner of the condominium unit in question. The trial court also found, however, that notice of the special assessment was required to be given to the owner of the condominium and that appellee had not properly given appellant such notice. Judgment was accordingly entered for appellant. The court's original order of December 15, 1982, provided: "Nothing in this order shall be construed or deemed to prejudice the right of the [appellee] to re-file [its] claims against a proper defendant." On January 27, 1983, at the request of appellee, the court entered an amended order "to exactly reflect the court's oral ruling in this case rendered in open court on December 15, 1982." This amended order provided as follows: "Nothing in this order shall be construed or deemed to prejudice the right of the plaintiff to re-file its claim against *this defendant after proper notice.*" (Emphasis supplied.) It is from this amended order that appellant appeals.

Appellant contends that the trial court erred in modifying its original order because it lacked the authority to modify the order "in any fashion" after the end of its December term. See Ga. L. 1976, pp. 3023, 3029; Ga. L. 1950, pp. 2742, 2744. "A judgment may be revised or amended, or entered of record, nunc pro tunc, on proper motion, at a term subsequent to that at which the judgment was rendered, so as to make the judgment speak the truth of the decision that was actually rendered, or to make it conform to the verdict . . .." *Allen v. Community Loan &c. Corp.,* 78 Ga. App. 611, 612 (51 SE2d 872) (1949). See OCGA § 9-12-14 (Code Ann. § 110-311); *King v. Rodgers,* 22 Ga. App. 198 (1) (95 SE 766) (1918). However, " '[a]fter the expiration of the term at which a decree was entered, it is out of the power of the court to modify and revise it in any matter of substance or in any matter affecting the merits.' " *Reid v. Strickland,* 115 Ga.

App. 394 (2) (a) (154 SE2d 778) (1967). See *Phillips v. Bowen,* 206 Ga. 268, 269 (1) (56 SE2d 503) (1949).

We find that the subsequent modification of the original order in no way affected the merits in the instant case. While the original order specifically preserved appellee's right to refile its claim for the assessment against "a proper defendant," only appellant could be such a defendant, as she is the owner of the condominium unit. Thus, subsequent modification permitting the action to be refiled against *"this* defendant" was a change in form only, having no substantive legal effect as to the merits of the original judgment. The additional language "after proper notice" merely reflected the underlying basis for the court's ruling that appellant, as the owner of the unit, had not been given proper notice of the assessment.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 14, 1983.

*John D. Varnell,* for appellant.
*John A. Sherrill,* for appellee.