NANCY W. LIBMAN, n/k/a NANCY W. ROSKIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Libman v. Commissioner
Docket No. 16350-89
United States Tax Court
T.C. Memo 1990-629; 1990 Tax Ct. Memo LEXIS 699; 60 T.C.M. (CCH) 1426; T.C.M. (RIA) 90629; December 13, 1990, Filed *699 Decision will be entered for the respondent. Frank S. Berall, for the petitioner. John Aletta, for the respondent. POWELL, Special Trial Judge. POWELL
*2054 MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned and heard pursuant to section 7443A(b)(3) and Rule 180 et seq. [1]
Respondent determined a deficiency in petitioner's Federal income tax for 1985 in the amount of $ 2,597. The issue for decision is whether certain amounts received by petitioner from her former husband constitute taxable alimony or nontaxable child support. FINDINGS OF FACT On *701 October 8, 1972 petitioner married Martin Libman (Mr. Libman). During their marriage the Libmans had two children: Nicole, born October 22, 1976, and Liza, born April 1, 1979. The Libmans' marriage ended in divorce with the Hartford Superior Court entering a judgment of dissolution on November 8, 1982. The judgment of dissolution provided: A. * * * [Mr. Libman] shall pay to [petitioner] the sum of $ 325.00 per week as unallocated family support. B. Upon the entry of the youngest child into first grade, said unallocated family support shall be decreased to $ 250.00 per week. C. Upon the remarriage of [petitioner], said unallocated family support shall be decreased to $ 100.00 [note omitted] for each of the minor children until the eighteenth birthday of each child. The judgment of dissolution did not provide that Mr. Libman's support obligation was to stop or decrease upon petitioner's death. In September of 1985, petitioner's youngest child entered the first grade. During 1985, petitioner received $ 15,625 from Mr. Libman and reported $ 5,300 of the total payments as taxable alimony. Petitioner did not report the remaining $ 10,325. On March 23, 1986, petitioner *702 married Jeffrey Roskin and thereafter changed her name to Nancy W. Roskin. On November 1, 1988, the judgment of dissolution was modified by the Hartford Superior Court to reduce Mr. Libman's support obligation "from one hundred dollars per child support to a child support of forty five dollars per week per child * * *." The modification did not refer to amendments to the Internal Revenue Code made by the Deficit Reduction Act of 1984. OPINION Petitioner bears the burden of proving error in respondent's determinations. Rule 142(a). Since the judgment of dissolution was entered into on November 8, 1982, the pre-1984 alimony rules apply. Sec. 1.71-T(e), Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984). This case is similar to and controlled by Mass v. Commissioner, 81 T.C. 112 (1983). Generally, section 71(a) provides that alimony payments are taxable income to the recipient. Section 71(b) provides that section 71(a) "shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children *703 of the husband." Respondent contends that the judgment of dissolution does not "fix" any amount as child support and therefore the entire amount is considered taxable alimony. Petitioner contends that the amount which the parties intended to constitute child support can be calculated from *2055 the judgment and therefore that amount should be excluded from her income under section 71(b). Child support cannot be inferred from intent, surrounding circumstances, or other subjective criteria for purposes of section 71. Rather, the statutory directive that child support payments be "fixed" is taken literally. The inflexibility of this requirement was recognized by the Supreme Court in Commissioner v. Lester, 366 U.S. 299 (1961). In that case, the Court refused to satisfy the statutory requirement by drawing an inference from the fact that the parties' agreement provided for percentage reduction of payments by a husband to a wife upon the marriage, emancipation, or death of any of their three children. The Court examined the legislative history of the statutory predecessor of section 71(b), and quoted from the report of the Office of the Legislative Counsel *704 to the Senate Committee, which said: "If an amount is specified in the decree of divorce attributable to the support of minor children, that amount is not income of the wife * * *. If, however, that amount paid the wife includes the support of children, but no amount is specified for the support of the children, the entire amount goes into the income of the wife * * *. Hearings before the Senate Committee on Finance on H.R. 7378, 77th Cong., 2d Sess. 48, as quoted in Commissioner v. Lester, supra at 303 (emphasis supplied therein). The Court went on to conclude: This language leaves no room for doubt. The agreement must expressly specify or "fix" a sum certain or percentage of the payment for child support before any of the payment is excluded from the wife's income. The statutory requirement is strict and carefully worded. It does not say that "a sufficiently clear purpose" on the part of the parties is sufficient to shift the tax. It says that the "written instrument" must "fix" that "portion of the payment" which is to go to the support of the children. Otherwise, the wife must pay the tax on the whole payment. We are obliged to *705 enforce this mandate of the Congress. Commissioner v. Lester, supra, at 303. In applying this principle of Lester, we have repeatedly refused to allow inference, intent, or other nonspecific designations of payments as child support to override the clear rule of section 71(b). See Mass v. Commissioner, supra; Blakey v. Commissioner, 78 T.C. 963 (1982); Giordano v. Commissioner, 63 T.C. 462 (1975); Talberth v. Commissioner, 47 T.C. 326 (1966); Grummer v. Commissioner, 46 T.C. 674 (1966). In the case now before us, there was no specific designation in the judgment of dissolution of any amounts or portions of the payments made to petitioner as child support. On the contrary, the judgment states the payments were for "unallocated support." In these circumstances, arguments that the payments were in the nature of child support must fall on deaf ears. Numerical analyses of the relation between the declining amounts of the payments and the advancing ages of the children are also irrelevant. Petitioner also emphasizes that the Hartford Superior Court refers to the *706 amount of $ 200 per week as child support in its 1988 order modifying the judgment of dissolution. This, too, is irrelevant. Putting aside the nunc pro tunc nature of petitioner's argument, modifications of a divorce decree made after January 1, 1985, can alter the tax consequences of the divorce decree only if the modification expressly provides that the amendments to the Internal Revenue Code made by the Deficit Reduction Act of 1984 apply to the modification. Sec. 422(a) of the Deficit Reduction Act of 1984, Pub.L. 98-369, 98 Stat. 795. See sec. 1.71-1T(e), Temporary Income Tax Regs., 49 Fed. Reg. 34455 (Aug. 31, 1984). The modifications to the judgment of dissolution do not refer to the Deficit Reduction Act of 1984. Consequently, the modifications do not alter the tax consequences of the original divorce decree. For the reasons set forth above, we find that the payments received by petitioner are alimony for purposes of section 71. Accordingly, we sustain the determinations of respondent on this issue. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code as amended and as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩