Dieter CHRISTOPH and Barbara
Christoph, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civil Action No. CV495–88.

United States District Court,
S.D. Georgia,
Savannah Division.

Dec. 15, 1995.

Supplemental Order Vacating Order and
Granting Summary Judgment Jan. 30, 1996.

Paul Wain Painter, Jr., Painter, Ratterree, Connolly & Bart, Savannah, GA, for Dieter Christoph, Barbara Christoph.

Lawrence B. Lee, Savannah, GA, James B. Thompson, Jr., Brian P. Kaufman, Trial Atty., Tax Division, U.S. Dept. of Justice, Washington, DC, for U.S.

## ORDER

MOORE, District Judge.

This action involves, *inter alia*, the tax deductibility of a $250,000 payment made in 1989 by Plaintiff Dieter Christoph to his ex-wife, Jutta Duse Christoph (hereinafter "Ms. Duse").[1] Plaintiffs contend that the payment is alimony and, therefore, was deductible on Plaintiffs' 1989 federal income tax return. Defendant contends that it is not alimony and, therefore, was not deductible. On October 19, 1995, the United States filed a Motion for Partial Summary Judgment as to ¶¶ 8 and 10 of Plaintiffs' Complaint which alleges that the Internal Revenue Service (hereinafter "IRS") erred in disallowing the $250,000 deduction. (Doc. 10.) On November 9, 1995, Plaintiffs filed a Motion for Partial Summary Judgment as to ¶¶ 8, 9 and 10 of their Complaint, asserting that there is no genuine issue as to any material fact on those issues and that they are entitled to judgment as a matter of law regarding the deductibility of the $250,000. (Doc. 12.) Both motions are **DENIED.** In denying Plaintiffs' Motion, however, this Court concludes that the 1991 *nunc pro tunc* order of the Chatham County Superior Court is valid as a matter of law.

## FACTS

The facts in this case are essentially undisputed.

On December 15, 1983, Mr. Christoph was divorced from Ms. Duse. On February 16, 1984, a divorce decree issued from the Superior Court of Chatham County ordering Mr. Christoph to pay Ms. Duse varying rates of periodic alimony from March 1, 1984, through life. In 1988, Mr. Christoph filed

---

1. This Court has jurisdiction over this subject matter through 28 U.S.C. § 1346(a) and 26 U.S.C. § 7422.

suit in the Superior Court of Chatham County, seeking to terminate his obligations to Ms. Duse through the vehicle of Georgia's Live–In Lover Statute, O.C.G.A. § 19–6–19(b). Ms. Duse also sued Mr. Christoph claiming that he had breached certain duties to her. Judge Frank S. Cheatham, Jr., consolidated the two actions and sought to settle them in a hearing held on May 1, 1989. In this hearing, attorneys John C. Mayoue of Atlanta and J. Stephen Lewis of Savannah represented Mr. Christoph while Edward M. Hughes of Savannah represented Ms. Duse.

Speaking for Mr. Christoph, Mr. Mayoue announced that Ms. Duse would be paid a sum that would "include $250,000 which will be expressly deductible by Mr. Christoph, and it is a contingency of this agreement that that payment of $250,000 will be alimony, will be deductible by Mr. Christoph, and includable in Ms. [Duse's] income." (Transcript of May 1, 1989, Settlement Agreement, p. 4.) In exchange for this amount of money, Ms. Duse agreed to release Mr. Christoph from future alimony payments. (Transcript, pp. 4–5.) At the hearing, Ms. Duse testified that she agreed to the terms and conditions of the settlement agreement. (Transcript, pp. 17–18.)

Regarding the deductibility of the payment, Ms. Duse's attorney, Mr. Hughes stated: "We cannot warrant the deductibility of that to [Mr. Christoph], and we have made no advice to [Mr. Christoph] that is in fact deductible." (Transcript, p. 18.) After the Court expressed some concern over this apparent abundance of caution expressed by Mr. Hughes, Ms. Duse conceded that the payment would be income to her and that she would declare it as income. (Transcript, p. 19.) With that understanding, the parties concluded that they had reached an agreement settling the case. (Transcript. pp. 19–21.)

The agreement reached at the hearing was to be reduced to the form of a consent order and signed by all the parties and counsel within fifteen days of the hearing. (Transcript, p. 5.) Lacking a written consent order, the parties agreed that the oral settlement agreement, as recorded during that day's proceedings, was to be made the order

of the court. (Transcript, p. 5.) Apparently, the parties conflicted over the language concerning an equipment leasing joint venture and so a consent order was never submitted to the court. (November 9, 1995, Affidavit of J. Stephen Lewis, ¶ 9.) This leasing venture is not the subject of any litigation before this Court. Judge Cheatham subsequently entered an order on June 1, 1989, adopting the oral settlement agreement as the order of the court. (June 1, 1989, Order of Chatham County Superior Court.) Evidence exists which indicates that the intentions of the parties was to have the "Tax Reform Act of 1986 Amendment to [Internal Revenue] Code Section 71(b) appl[y] to this modification." (July 29, 1991, Order of Chatham County Superior Court, ¶ 11(b).) Soon after Judge Cheatham adopted the oral settlement agreement, Mr. Christoph transferred the agreed-upon $250,000 to Ms. Duse.

The troubles between Ms. Duse and Mr. Christoph were not yet complete. By 1990, the parties disputed their respective tax obligations of the equipment leasing venture. Again, that subject matter is not today before this Court. Mr. Christoph sued Ms. Duse in Chatham County Superior Court, asking Judge Cheatham to clarify the 1989 agreement, including the tax treatment of the $250,000 payment. In a July 29, 1991, Order, Judge Cheatham found that the parties had agreed for the consent order to contain language referring to the amendments of the tax code and that the refusal of Ms. Duse to sign the consent order did not affect the tax liabilities regarding the $250,000 payment. (1991 Order, ¶ 4.) Specifically, Judge Cheatham found:

> In as much as this settlement and payment represents a modification of the divorce decree dated February 16, 1984, both parties acknowledged and agreed that the tax reform act of 1986 amendment to code section 71(b) applied to the modification.

(1991 Order, ¶ 11(b).) In closing, Judge Cheatham stated: "That portion of the Court's Order amplifying and clarifying the deductibility of the lump sum alimony payment made by [Mr. Christoph] to [Ms. Duse] is effective Nunc Pro Tunc as of June 1st, 1989." (1991 Order, ¶ 12.)

The IRS later performed an audit of the 1989 joint tax return filed by Mr. Christoph and his new wife, Plaintiff Barbara Christoph. After the audit, the IRS disallowed the deduction taken for the $250,000 payment. In 1994, Plaintiffs filed an amended tax return seeking to recover the sum paid after the deduction was disallowed. When the IRS took no action regarding this request, Plaintiffs sued Defendant under 26 U.S.C. § 7422. Both parties have moved for partial summary judgment as to the issue of the deductibility of the $250,000 lump sum payment. This Court now considers these motions.

## ANALYSIS

### I. *When Summary Judgment is Appropriate.*

▇▇▇ The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. *Thompson v. Metropolitan Multi–List, Inc.*, 934 F.2d 1566, 1583 n. 16 (11th Cir.1991). A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, [then] there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

▇▇ In assessing whether the movant is entitled to summary judgment in its favor, the district court must review the evidence and reasonable factual inferences arising from it in the light most favorable to the nonmoving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir.1992). This Court must avoid weighing conflicting evidence during this endeavor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513–14. Where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the court should refuse to grant summary judgment." *Barfield v. Brierton*, 883 F.2d 923, 933–34 (11th Cir.1989) (citation omitted).

### II. *Motions for Partial Summary Judgment are Denied.*

Defendant has moved for summary judgment, arguing that, as a matter of law, Plaintiffs are not entitled to deduct the $250,000 payment from the gross income listed on the 1989 tax return. In this endeavor, Defendant insists that at least one of several listed reasons bars recovery of the taxes paid by Plaintiffs. All arguments concern the formalities required before Plaintiffs may benefit from the protection afforded by the 1984 amendments to the Internal Revenue Code allowing the deduction of lump sum alimony. First, Defendant argues that Plaintiffs did not expressly invoke the protections of the 1984 amendments, thus placing them in a situation in which lump sum alimony payments could not be deducted. Second, Defendant insists that Judge Cheatham's 1991 order clarifying the settlement agreement of 1989 *nunc pro tunc* is invalid under Georgia law or, in the alternative, does not properly refer to the 1984 amendments. Third, Defendant argues that Judge Cheatham's 1991 order cannot retroactively determine the rights of the federal government under its tax laws. None of these arguments demonstrates to this Court that summary judgment must be granted in favor of Defendant.

▇▇ This case is made somewhat difficult by the fact that, prior to 1984, lump sum payments made by a former spouse solely in consideration for the release of future alimo-

**1580**

ny obligations were not "periodic" payments and, thus, would not be treated as alimony which could be deducted from the gross income of the payor. I.R.C. §§ 71(c)(2), 215(a) (1984); *Olster v. Commissioner,* 751 F.2d 1168, 1172 (11th Cir.1985). The Tax Reform Act of 1984 altered the government's understanding of the term "alimony" such that lump sum alimony payments in future divorce agreements would be deductible. Section 422 of the Tax Reform Act stated that future modifications (to pre–1985 divorce instruments) which provided for lump sum payments could also be deductible as alimony with certain restrictions:

> The amendments made by this section shall also apply to any divorce or separation instrument (as so defined) executed before January 1, 1985, but modified on or after such date if the modification expressly provides that the amendments made by this section shall apply to such modification.

This provision was incorporated into the Internal Revenue Code at I.R.C. § 215(e)(2).

The bulk of Defendant's argument is premised upon the notion that, in effectuating the provisions of these amendments, form controls over substance. In other words, Defendant insists that to be afforded the benefits of the changes, a taxpayer seeking to modify a pre–1984 divorce agreement would have to invoke the term: "§ 422 of the Tax Reform Act of 1984". Because it must never be forgotten that common sense is the chief component of any viable system of laws, this Court will not take such a formalistic semantical approach toward this subject. Counsel for Plaintiffs has made a notable observation when discussing § 422 of the Deficit Reduction Act of 1984 which incorporated the *exact same language* in § 422 of the Tax Reform Act of 1984. Counsel illustrated the weakness in Defendant's overly formalistic approach, stating:

> Strictly interpreted, the literal language of subsection (e) would require a modifying divorce instrument to refer to "section 422 of the Deficit Reduction Act of 1984." Accordingly, the government's position that the only acceptable language must include the "Tax Reform Act of 1984" is not supported by the statute. Reasonably interpreted, the language enacted by Congress was meant to require the parties to a modifying divorce agreement, or the state court entering a modifying divorce decree, to make clear that their intent was to apply the new definition of "alimony."

(Pls.['] Br. in Supp. of Pls.['] Mot. for Part. Summ.J., p. 5.) This illustration by Plaintiffs' counsel is somewhat simple, yet it adequately demonstrates that the provision requiring an express reference applies to the substance of the amendments to I.R.C. §§ 71 and 215, and not the nomenclature of the enacting legislation.

The cases cited by Defendant are not dispositive. In *Decker v. United States,* the district court required an express reference to the amended section but there is no indication that it required the formalities sought by Defendant. 93–2 USTC ¶ 50,408, 1993 WL 402814 (D.Conn.1993). The *Decker* court merely considered whether there had been language which indicated that the new § 71 (and § 215) applied as opposed to the old section which did not allow the deduction of lump sum alimony. *Id.* at 89, 223–24. The discussion in that case shows the question to be: is there express language which invokes the rules of the new § 71 as opposed to the old § 71? In this case, the answer cannot be said, as a matter of law, to be no.

Likewise, in *Stroud v. Commissioner,* the Tax Court focused on whether the taxpayer, in the modifying divorce agreement, "expressly reference[d] the amendments made by the DRA." 1993 WL 267167 (U.S. Tax Ct.1993). In that case, the settlement agreement did not provide, as in the instant case, who would be liable for taxes and who would be able to deduct the amount paid out. *Id.* This Court does not read that ruling as adopting the position that parties modifying a pre–1984 divorce agreement must recite an IRS mantra referring to either the Tax Reform Act of 1984 or the Deficit Reduction Act of 1984. Rather, the settlement agreement must incorporate express indications that the new deductibility provisions apply. These indications were entirely lacking in the *Stroud* settlement agreement; certainly, the same cannot be said to be true here.

Defendant's reliance on *Libman v. Commissioner* does not sway this Court from the pragmatic approach to this issue. ˙60 T.C.M. (CCH) 1426, 1990 WL 199909 (1990). This Court does not read the dicta in *Libman* as law which requires a formulaic recitation of buzzwords before lump sum alimony can be deducted from the payor's gross income. In *Libman*, there existed no reference to the amended concept of "alimony"—either in substance or in form. *Id.* Here, there are numerous substantive references to the "New" treatment of lump sum alimony. When Judge Cheatham entered the *nunc pro tunc* order in 1991 clarifying the 1989 settlement agreement and modification, he repeatedly incorporated references to the "New" § 71. He stated that it was the "clear and unequivocal intent of the parties that the payment of $250,000 in cash by [Mr.] Christoph to [Ms. Duse] would entitle [Mr.] Christoph to a tax deduction of the money paid in lump sum to her as alimony." (1991 Order, ¶ 11.) The Judge also declared:

> The sum of $250,000 paid ... on or about May 31, 1989 is characterized as payment of alimony. Said sum represents the discounted value of a future stream of total alimony payments called for under the original divorce decree dated February 16, 1984. This sum is deductible by [Mr.] Christoph as alimony under Section 71 of the Internal Revenue Code of 1986 and [Ms. Duse] acknowledged and represented that she would include that sum of $250,000 in her income ... on her tax returns....

> In as much as this settlement and payment represents a modification of the divorce decree dated February 16, 1984, both parties acknowledged and agreed that the tax reform act of 1986 amendment to code section 71(b) applied to the modification, and the Court so finds.

(1991 Order, ¶¶ 11(a)(b).)

Defendant claims that Mr. Christoph cannot claim the deduction because the 1991 *nunc pro tunc* order by Judge Cheatham referred to the Tax Reform Act of 1986 instead of 1984. This argument borders on the preposterous. Because Judge Cheatham referred to Internal Revenue Code of 1986

(which would necessarily include the 1984 amendments), this Court cannot say as a matter of law that the parties neglected to signal their intent to have the new treatment of lump sum alimony apply. Judge Cheatham's clarification order comports with the agreement reached between Mr. Christoph and Ms. Duse as recorded and transcribed in 1989.

■ In addition to arguing that Judge Cheatham's 1991 order improperly referred to the lump sum alimony amendments, Defendant argues that the *nunc pro tunc* order is invalid under Georgia law. It is true that, under Georgia law, a *nunc pro tunc* order may not be used to modify or revise a decree from an earlier term if the modification or revision would affect a matter of substance or otherwise affect the merits of the order. *Reid v. Strickland*, 115 Ga.App. 394, 154 S.E.2d 778 (1967). This does not, however, bar all such orders. "'A judgment' may be revised or amended, or entered of record, *nunc pro tunc*, on proper motion, at a term subsequent to that at which the judgment was rendered, so as to make the judgment speak the truth of the decision that was actually rendered." *Burns v. Fedco Mgt. Co.*, 168 Ga.App. 15, 308 S.E.2d 38 (1983) (quoting *Allen v. Community Loan, etc., Corp.*, 78 Ga.App. 611, 612, 51 S.E.2d 872 (1949)). "A court may always interpret and clarify its own orders." *Kaufmann v. Kaufmann*, 246 Ga. 266, 268, 271 S.E.2d 175 (1980) (citing *Ward v. Ward*, 236 Ga. 860, 226 S.E.2d 52 (1976); *Roberts v. Roberts*, 229 Ga. 689, 194 S.E.2d 100 (1972)). Upon comparing the 1989 transcript with the 1991 order, it is clear that the clarification order issued by Judge Cheatham did not affect the merits of that case. Quite simply, he restated the position of the parties as indicated by them and their counsel in 1989. Consequently, the *nunc pro tunc* order is valid under Georgia law. *Burns*, 168 Ga.App. at 16, 308 S.E.2d 38.

■ Finally, Defendant argues that the *nunc pro tunc* order cannot retroactively determine the rights of the federal government under its tax laws. This Court follows the position of the Tax Court in *Newman v. Commissioner*, 68 T.C. 494, 1977 WL 3721

(1977). The Tax Court restated the rule that "retroactive rulings by State courts cannot affect the rights of the Federal Government under the tax laws where the judgment seeks to change the status of the parties after the tax has accrued." *Id.*, 68 T.C. at 500–01. In *Newman,* a state divorce court entered a *nunc pro tunc* order clarifying an earlier divorce decree. *Id.*, 68 T.C. at 495–97. The clarified order required alimony payments to continue for a period of ten years and one month, so that the payments qualified as "periodic payments" deductible under the Internal Revenue Code then in force. *Id.* The Tax Court declined to invoke the rule barring detrimental retroactive state court rulings, stating:

> This rule is simply not applicable to the facts before us. The cases ... which establish and apply this rule involve situations wherein a State court entered an order purporting to relate back to a prior date but which actually reflected an intention or design originating subsequent to that date, i.e., cases involving amendments to previous decrees rather than true *nunc pro tunc* orders. In the instant case, however, the respondent has established that the retroactive order was entered to conform the terms of the earlier order to the intent of the court at the time the original order was entered.

*Id.*, 68 T.C. at 501 (footnote omitted). Judge Cheatham's order was a true *nunc pro tunc* order. This Court will not invalidate it or any of its terms. That being so, the parties will treat the 1989 settlement agreement as if it contained the language expressed in Judge Cheatham's 1991 order.[2] THIS ISSUE WILL NOT BE REVISITED IN FRONT OF THE JURY AND THE PARTIES WILL REFERENCE THIS POSITION OF THE COURT IN THEIR CONSOLIDATED PRETRIAL ORDER.

For these reasons, Defendant's Motion for Partial Summary Judgment is denied.

At the same time, this Court believes that, by the thinnest of margins, there remains a jury question as to whether the disallowance of the deduction amounted to an erroneous and illegal act on the part of the IRS. This margin may dissolve, however, when Plaintiffs and the Court receive the information from Defendant regarding its treatment of Ms. Duse and the $250,000 payment to her. In the event that this information reveals that Defendant treated Ms. Duse as having improperly excluded that payment from her 1989 gross income, this Court will revisit Plaintiffs' Motion for Partial Summary Judgment and will be extremely reluctant to not grant the motion in favor of Plaintiffs. For these reasons, Plaintiffs' Motion for Partial Summary Judgment is provisionally denied.

SO ORDERED.

### SUPPLEMENTAL ORDER

■ On December 12, 1995, this Court issued an Order denying the United States' and Plaintiffs' Motions for Partial Summary Judgment as to the deductibility of a $250,000 lump sum alimony payment made by Mr. Christoph to his ex-wife, Jutta Duse. In the Order, this Court made related rulings in Mr. Christoph's favor concerning the legal effect of a court order from the Superior Court of Chatham County and the divorce settlement between Mr. Christoph and Ms. Duse. This Court stated:

> At the same time, this Court believes that, by the thinnest of margins, there remains a jury question as to whether the disallowance of the deduction amounted to an erroneous and illegal act on the part of the IRS. This margin may dissolve, however, when Plaintiffs and the Court receive the information from Defendant regarding its treatment of Ms. Duse and the $250,000 payment to her. In the event that this information reveals that Defendant treated Ms. Duse as having improperly excluded that payment from her 1989 gross income, this Court will revisit Plaintiffs' Motion for Partial Summary Judgment and will be extremely reluctant to not grant the motion in favor of Plaintiffs. For these rea-

---

**2.** The propriety of the IRS's actions in light of the 1989/1991 order, for now remains an issue which must be put to the trier of fact.

sons, Plaintiffs' Motion for Partial Summary Judgment is provisionally denied.

(Doc. 23, pp. 13–14.)

The uncontradicted information brought to the attention of this Court is that the IRS treated Ms. Duse as having improperly excluded the alimony payment from her 1989 gross income figure. Further, the IRS reached a settlement with Ms. Duse in which she agreed to add $125,000 to her 1989 gross income figure and pay the attendant increase in income taxes for that year. This information demonstrates to this Court that the IRS essentially agreed with Mr. Christoph's position regarding who was supposed to claim the $250,000 as taxable income. It is true that the IRS reached a compromise settlement and, in so doing, only recovered from Ms. Duse half of what she owed. The IRS did this at its own peril. Mr. Christoph cannot be penalized simply because the IRS compromised with Ms. Duse. As counsel for both parties conceded at the pretrial confer-ence, there remains no factual issue to be tried by the jury. Accordingly, this Court **VACATES** its Order of December 12, 1995, which denied Plaintiffs' Motion for Partial Summary Judgment and, for the reasons stated above and for those stated in the previous Order, **GRANTS** Plaintiffs' Motion for Partial Summary Judgment as to the $250,000 payment at issue.

The parties in this case have resolved all of the smaller issues of tax liability set forth in Plaintiffs' complaint. Accordingly, the clerk is **DIRECTED** to treat this document as a final judgment in this case.

SO ORDERED.