A00A1098. FLOYD et al. v. SPRINGFIELD PLANTATION
PROPERTY OWNERS' ASSOCIATION, INC.
(538 SE2d 455)

MIKELL, Judge.

This is an appeal from an order amending a judgment entered on a jury's verdict in 1992. That judgment awarded ownership of the water system in the Springfield Plantation subdivision in McIntosh County to the Springfield Plantation Property Owners' Association, Inc. ("SPPOA").

SPPOA filed the original suit after the subdivision's developer, Sea Properties, Inc., which was dissolved in 1986, had tried to transfer title and possession of the water system to appellant Walton B. Floyd. The developer had hired Floyd to maintain and repair the system. When the developer sought to convey the water system to Floyd to relieve itself of further financial obligation, certain homeowners who opposed the sale incorporated SPPOA, on September 18, 1990. Subsequently SPPOA filed suit to determine who owned the system. The jury returned a special verdict, selecting SPPOA from several potential owners, including the original association, Springfield Plantation Homeowners' Association, Inc. ("SPHA"). SPHA had been dissolved in 1988. Judgment was entered accordingly, awarding the water system to SPPOA.

Seven years later, SPPOA filed the instant motion, seeking to amend the 1992 judgment to state that SPPOA is the successor in interest to SPHA. Specifically, SPPOA asked the trial court to find that it has all rights, privileges, and obligations granted to SPHA by the subdivision's Declaration of Covenants, Conditions and Restrictions ("Declaration"), including the right to collect fees for maintenance of the water system.[1] Appellants, certain property owners in the subdivision, dispute that SPPOA is the proper entity to enforce the covenants.

SPPOA claims this clarification is essential because the appellants refuse to pay the assessments provided for in the Declaration. Further, SPPOA alleges that proceeds to pay a lien levied against a former property owner are being held by an unnamed attorney pending the outcome of this motion.

Appellants argue the only issue resolved in the 1992 litigation was whether the developer had the right to convey the water system to Floyd. SPPOA contends the jury could not have reached its verdict without finding that SPPOA was the successor in interest to SPHA, given that SPHA had been dissolved years before the original lawsuit was filed. Evidence presented at the hearing on the motion revealed

---

[1] The Declaration defines "Association" as Springfield Plantation Homeowners' Association, its successors, and assigns.

that SPPOA has functioned actively since its formation as a non-profit corporation in 1990. Among its various activities, SPPOA has paid $60,000 to add a second pumping station to the subdivision's water system; spent $30,000 on a boat ramp; collected annual dues and quarterly assessments to pay for maintenance of common areas and the water system; and paid property taxes on common areas. SPPOA's president testified that 81 percent of the property owners are current on payment of dues and fees. SPPOA has four standing committees, four to five board meetings a year as well as an annual meeting, and an annual newsletter.

The trial court took judicial notice of the Declaration, and appellants did not object. Based on the evidence, the trial court found that SPPOA was organized to enforce the Declaration and to operate the water system; the majority of the subdivision's property owners belong to SPPOA; SPPOA was the successor to SPHA; and when the jury found SPPOA owned the water system, it found by necessary implication that it could operate the water system and collect the fees to defray the expenses.

Accordingly, the trial court issued an order amending the 1992 judgment. The order deems SPPOA the successor in interest to SPHA, nunc pro tunc from its date of incorporation in 1990, and grants it all the rights, privileges, and obligations provided for the "Association" as defined in the Declaration.[2] This appeal followed. *Held*:

1. SPPOA's motion to dismiss the appeal is denied.

2. We reject appellants' contention that SPPOA's motion to amend the judgment is time barred because it was filed outside of the three-year period prescribed by OCGA § 9-11-60 (f) for moving to set aside a judgment.

Appellants misconstrue the nature of SPPOA's motion. SPPOA sought to amend the 1992 judgment, not to set it aside. In so doing, SPPOA relied on OCGA §§ 15-1-3 (6) and 9-12-14. OCGA § 15-1-3 (6) gives a trial court the power to "amend and control its processes and orders, so as to make them conformable to law and justice, and to amend its own records, so as to make them conform to the truth." OCGA § 9-12-14 states that "[a] judgment may be amended by order of the court to conform to the verdict upon which it is predicated, even after an execution issues."

Neither Code section sets a time limitation for moving to amend a judgment. Further, it has been held that a motion to amend a judg-

---

[2] Appellants appealed to the Supreme Court, which transferred the appeal to this Court for the reason that an appeal from an order clarifying a judgment under OCGA § 9-11-60 (g) does not lie within the Supreme Court's exclusive jurisdiction.

ment entered nine years earlier was not time barred.[3] Thus, SPPOA's motion was not untimely.

3. Appellants also claim the trial court erred in holding a bench trial. Since the record discloses no demand for trial by jury, appellants have waived appellate review of this issue.[4]

4. Turning to the merits, we hold that the trial court's amendment was proper as it was merely a clarification of the prior judgment. "A judgment may be revised or amended, or entered of record, nunc pro tunc, on proper motion, at a term subsequent to that at which the judgment was rendered, so as to make the judgment speak the truth of the decision that was actually rendered. . . ."[5]

In 1992, a jury found that SPPOA was the owner of the Springfield Plantation water system. The trial court then entered a judgment stating that the water system was the sole property of SPPOA. In order to reach its verdict, the jury must necessarily have found that SPPOA was the successor in interest to the prior homeowners' association. The original suit sought clarification of who owned the Springfield Plantation water system — SPPOA, the developer, Floyd, or the individual property owners. To reach its verdict, the jury had to find that the developer transferred the water system to the original homeowners' association. And the only way that SPPOA would then have any rights to the system was if the jury found that it was the successor in interest to the earlier association. The trial court's recent amendment simply clarifies that result. It is not an improper modification or revision as no substantive rights are changed. By granting SPPOA sole ownership of the water system, SPPOA had all rights attendant to such ownership. The amendment does not change that result, but only provides clarification and allows the original judgment to be enforced.[6]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JULY 19, 2000 —
RECONSIDERATION DENIED AUGUST 15, 2000 ▆▆▆▆▆

*Phillips & Kitchings, Richard D. Phillips*, for appellants.

---

[3] *Rucker v. Williams*, 129 Ga. 828, hn. 2 (60 SE 155) (1907).

[4] *Stephenson v. Wildwood Farms*, 194 Ga. App. 728, 729 (2) (391 SE2d 706) (1990).

[5] (Citation and punctuation omitted.) *Burns v. Fedco Mgmt. Co.*, 168 Ga. App. 15 (308 SE2d 38) (1983).

[6] See *Umoren v. Panesar*, 265 Ga. 876, 877 (463 SE2d 10) (1995); *Burns v. Fedco Mgmt. Co.*, supra, 168 Ga. App. 15.

538

*Hunter, Maclean, Exley & Dunn, Arnold C. Young, Colin A. McRae*, for appellee.