951 F.2d 1235
 Prod.Liab.Rep. (CCH) P 13,037
Dallas V. WELCH, Plaintiff-Appellant,
v.
CELOTEX CORPORATION, etc., et al., Defendants,
Armstrong World Industries, Inc., a corporation incorporated
under the laws of Pennsylvania, formerly named Armstrong
Cork Co., Fibreboard Corp., a corporation incorporated under
the laws of Delaware, individually and as successor in
interest to Plan Rubber Asbestos Company, GAF Corporation, a
corporation incorporated under the laws of Delaware,
individually and as successor in interest to Ruberoid
Company, Keene Corporation, a corporation incorporated under
the laws of New Jersey, individually and as successor in
interest to Baldwin Hill Company, Baldwin-Thret-Hill
Company, Keene Building Products Corporation and Ethert
Magnesia Co., Pittsburgh-Corning Corporation, a corporation
incorporated under the laws of Pennsylvania, United States
Mineral Products Co., a corporation incorporated under the
laws of New Jersey, and Owens-Illinois, Inc., Defendants-Appellees.
 No. 90-9173.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 28, 1992.
 
 Brent M. Rosenthal, Baron & Budd, PC, Janice Robinson, Dallas, Tex., for plaintiff-appellant.
 Greene Buckley Jones & McQueen, Atlanta, Ga., for Celotex.
 Neely & Player, Atlanta, Ga., Steven Heath, John H. Peavy, Jr., Athens, Ga., for Raymark.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before KRAVITCH and BIRCH, Circuit Judges, and KAUFMAN*, Senior District Judge.
 FRANK A. KAUFMAN, Senior District Judge:
 In this diversity action, Dallas Welch appeals from the district court's grant of summary judgment for appellees on the ground that that court erred in holding that Georgia's applicable two-year statute of limitations barred appellant's personal injury action. We agree with appellant and reverse and remand for further proceedings in accordance with this opinion.
 I.
 Since 1967 appellant Welch has worked for several companies as an insulator. During that employment, Welch allegedly was exposed to asbestos-containing products manufactured and/or distributed by appellees. In 1984, Welch began to experience shortness of breath and became concerned that he could be developing an asbestos-related disease. On or about December 14, 1984, Welch filed a workers' compensation claim[1], alleging asbestosis, against his employer, American Insulation Company. In June, 1985, Welch's chest was x-rayed. Dr. Holstein, a pulmonary specialist, read that x-ray in April, 1986, and noted some evidence of pleural thickening consistent with pleural asbestosis, but did not diagnose Welch as suffering from asbestosis. On May 1, 1987, Welch underwent a complete medical examination by Dr. Holstein. In an evaluation dated June 22, 1987, Dr. Holstein diagnosed Welch as having asbestosis.
 On June 19, 1987, appellant filed this products liability suit, claiming negligence and strict liability in tort. In a supporting affidavit, Welch states that it was not until he consulted his attorney in connection with this action that he learned of the alleged wrongdoing by appellees. Appellant contends, therefore, that the two-year Georgia limitations provision raised in defense by appellees, does not bar appellant's within claim.
 II.
 The sole issue raised in this appeal is whether the district court properly granted summary judgment on the grounds of limitations. The applicable Georgia statute provides that "[a]ctions for injuries to the person shall be brought within two years after the right of action accrues ..." GA.CODE ANN. § 9-3-33 (1990). In granting appellees' motion for summary judgment, the district court concluded that if the plaintiff had sufficient information to justify the filing of a workers' compensation claim in 1984, he at that time either knew or, by the exercise of reasonable diligence, should have known both the nature of his injuries and the causal connection between them and asbestos. Appellant, in response, contends that his cause of action did not accrue until Dr. Holstein diagnosed him with having asbestosis and also that there is a genuine issue of material fact as to whether he discovered more than two years before the filing of this suit that appellees' wrongful conduct caused his injury.
 In continuing tort cases such as this one, the Georgia courts have held that limitations begin to run only when the plaintiff knows, or through the use of reasonable diligence should have discovered, two distinct facts: "the nature of his injury ... [and ] the causal connection between the injury and the alleged negligent conduct of appellee." King v. Seitzingers, Inc., 160 Ga.App. 318, 287 S.E.2d 252, 255 (1981); see also Anderson v. Sybron Corp., 165 Ga.App. 566, 353 S.E.2d 816, 817 (1983), aff'd 251 Ga. 593, 310 S.E.2d 232 (1983); Ballew v. A.H. Robins Co., 688 F.2d 1325, 1327 (11th Cir.1982). However, the Georgia courts have not held that the limitations are tolled until a doctor's diagnosis has been made.
 Although this court must look to state law to determine the relevant period of limitations, federal law governs the sufficiency of evidence required in the face of a motion for summary judgment. Bernhardt v. Richardson-Merrell, Inc., 892 F.2d 440, 445 (5th Cir.1990); cf. New England Merchants Nat'l Bank v. Rosenfield, 679 F.2d 467, 473 (5th Cir.1982) (Tjoflat, J.) (sufficiency of evidence on motion for directed verdict is a federal question), cert. denied 459 U.S. 1173, 103 S.Ct. 819, 74 L.Ed.2d 1017 (1983). Summary judgment may be granted only when there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). In determining a motion for summary judgment, the " 'inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion.' " Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); see also Clemons v. Dougherty County, GA., 684 F.2d 1365, 1368-69 (11th Cir.1982).
 Because Welch filed a workers' compensation claim alleging asbestosis in December, 1984, the district court may have been justified in concluding that there was no genuine issue of fact as to whether Welch knew, at that time, the nature of his injury or, in any event, should have known the nature of his injury had he exercised due diligence. However, assuming without deciding that Welch knew in 1984 that asbestos was the cause of his injury, the record lacks sufficient evidence to satisfy the second prong of the applicable Georgia law test, namely, that plaintiff knew or had reason to know of "the causal connection between the injury and the alleged negligent conduct of appellee." King, 287 S.E.2d at 255. The only factual submissions before the district court indicating the extent of Welch's knowledge of the conduct of the manufacturers or distributors were that Welch for many years worked with asbestos products[2], and that he stated in a sworn affidavit that he did not know of any wrongdoing by any of appellees until he met his present attorney.[3]
 In Ballew v. A.H. Robins Co., 688 F.2d 1325 (11th Cir.1982), plaintiff sued a company which manufactured and distributed an intrauterine device [IUD], known as the Dalkon Shield, for personal injuries which she allegedly sustained from using that device. In holding that there was "a genuine issue of fact as to when appellant knew or with reasonable diligence should have discovered the causal relationship between her injuries and appellee's alleged misconduct," Judge Kravitch wrote:
 [a]lthough the evidence of events preceding and during appellant's hospitalization of April, 1977 could support a finding that appellant knew or with reasonable diligence should have discovered the causal relationship between her injuries and the Dalkon Shield, the evidence is equally susceptible of showing that appellant did not know that the Shield was causally connected to her injuries and that any suspicion she had was quashed when in the exercise of reasonable diligence she asked her physicians about a possible connection and they responded equivocally.
 Id. at 1328. In this case, the evidence pertaining to Welch's knowledge, or the knowledge which Welch should have acquired by due diligence, of the connection between his alleged injury and the alleged wrongful conduct of any of appellees is similarly equivocable. Although the record shows that Welch worked for many years with asbestos products and did, when he filed his workers' compensation claim in December, 1984, specifically describe asbestosis as his injury, the record also demonstrates that that workers' compensation claim was filed against his employer, not against any of appellees, and that Welch attests that he did not know of any wrongful conduct of any appellees before consulting with his present attorney. Such evidence, when viewed in the light most favorable to Welch, is sufficient to support a finding that Welch neither knew nor should have known that his alleged injury was the product of the wrongful conduct of any of appellees. Accordingly, we reverse and remand for further proceedings below.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Frank A. Kaufman, Senior U.S. District Judge for the District of Maryland, sitting by designation
 
 
 [1]
 That claim was dismissed for lack of prosecution upon motion of his employer
 
 
 [2]
 Welch's workers' compensation claim was filed only against American Insulation Company. The latter is not one of the named defendants in this lawsuit
 
 
 [3]
 After this appeal was noted, appellees moved to add factual exhibits to show knowledge by Welch of the role of certain of appellees. That motion is denied. Upon review of a grant by a district court of a motion for summary judgment, a federal appellate court may examine only the evidence which was before the district court when the latter decided the motion for summary judgment. Ingalls Iron Works Co. v. Fruehauf Corp., 518 F.2d 966, 967 (5th Cir.1975); see also Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300, 1307 (5th Cir.1988); 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Fed.Prac. and Proc. § 2716 (2d ed. 1983). On remand, the district court may afford to all parties the opportunity to supplement the record and may further consider whether summary judgment is appropriate, and/or trial is required, as to either or both of the two prongs of the Georgia test