# 98 DTA 186

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II DE BAYAMON**
**PANEL SUSTITUTO I**

CHALETS DE CAPARRA HOMEOWNERS ASSOCIATION, INC., LUIS H. SANCHEZ CASO, ET ALS.
Demandantes-Apelantes

v.

CHALETS DE CAPARRA CORP.
Demandada-Apelada

Núm. KLAN-97-01236

San Juan, Puerto Rico, a 27 de abril de 1998

Panel integrado por su Presidenta, Juez señora Rivera de Martínez
y los Jueces señor Soler Aquino y señor Rivera Pérez

Rivera Pérez, Juez Ponente

¿Es improcedente en derecho la sentencia sumaria dictada en el caso de marras que determinó, como hecho incontrovertido, la inexistencia de confusión en el servicio postal y el público entre dos complejos de vivienda, uno de *"townhouses"* llamado Chalets de Caparra y el otro de condominio de apartamentos llamado Condominio Caparra Chalets, así como la inexistencia de confusión del primero con uno comercial llamado Plaza de Chalets de Caparra? La contestación es en la negativa. Se confirma la sentencia apelada.

## I

En agosto de 1996, la parte demandante, Chalets de Caparra Homeowners Association, Inc., presentó ante el Tribunal de Primera Instancia la demanda de autos. Alegó, que la parte demandada, Chalets de Caparra Corporation, estaba desarrollando un proyecto de vivienda bajo el nombre de Chalets de Caparra, nombre que ha identificado desde el año 1993 la comunidad donde residen los demandantes. ■ Posteriormente, la parte demandante enmendó la demanda para añadir en su causa de acción otra reclamación contra la demandada, por éstos desarrollar y construir un centro comercial bajo el nombre Plaza Chalets de Caparra, luego de haberse sometido la demanda. ■

La parte demandada, Chalets de Caparra Corporation, alegó que comenzó el desarrollo de un proyecto de vivienda como Condominio Chalets de Caparra, pero que no continuó utilizando ese nombre. Por el contrario, el nombre utilizado para dicho proyecto de vivienda es Condominio Caparra Chalets. [3]

La parte demandante presentó ante el Tribunal de Primera Instancia solicitud de sentencia sumaria, en la cual alegó, entre otras cosas, que *"[l]a existencia de dos complejos de vivienda en la zona de Caparra está produciendo y continuará produciendo confusión en cuanto a las direcciones, tanto para el servicio postal, como para cualquier persona de inteligencia promedio, en detrimento y perjuicio de la parte demandante".* Arguyó, además, *"[q]ue el tener dos proyectos de vivienda con el mismo nombre, en una misma zona, creará confusión en el público que intente llegar a nuestro complejo".* ■ Sin embargo, no aportó evidencia alguna de que exista tal confusión al presente. Sólo presentó una declaración jurada, en la cual se intima sobre una posible confusión en el futuro de usar ambos complejos de vivienda *"un mismo nombre".* Alega esa parte, que los dos complejos de vivienda **habrían de llamarse igual.** No alegó esa parte que habría de crearse confusión en el servicio postal y en el público por llamarse el centro comercial en desarrollo Plaza Chalets de Caparra, similar a su complejo de vivienda que responde al nombre de Chalets de Caparra. Alegó, además, que tenía derecho exclusivo a la utilización del nombre Chalets de Caparra y que la parte demandada no podía utilizarlo en sus dos proyectos, uno de vivienda y el otro comercial.

La parte demandada presentó ante el Tribunal de Primera Instancia escrito titulado *"Oposición a solicitud de sentencia sumaria presentada por la parte demandante y moción para que se dicte sentencia sumaria a favor de la parte demandada".* ■ En su escrito, la parte demandada arguyó que su proyecto de vivienda responde al nombre de Condominio Caparra Chalets y corresponde al concepto de edificio de apartamentos en condominio. Sostuvo con evidencia documental su planteamiento y logró distinguir, como un hecho incontrovertido, su proyecto de vivienda de aquel donde residen los demandantes, que es uno de *"townhouses"* y responde al nombre de Chalets de Caparra. Alegó, que los nombres de sus proyectos, uno de vivienda y el otro comercial, no son identificados con el mismo nombre del complejo de vivienda donde residen los demandantes. Alegó, además, que la parte demandante no tiene inscrito como marca el nombre *"Chalets de Caparra"* en el Departamento de Estado de Puerto Rico.

El Tribunal de Primera Instancia emitió sentencia sumaria el 23 de septiembre de 1997, archivada en autos copia de su notificación el 16 de octubre de 1997, por virtud de la cual declaró no ha lugar la moción de sentencia sumaria presentada por la parte demandante y declaró con lugar la moción de sentencia sumaria presentada por la parte demandada.

El Tribunal de Primera Instancia encontró como incontrovertido, que el complejo de vivienda conocido por más de diez (10) años como Chalets de Caparra, donde residen los demandantes, que

responde al concepto conocido como *"townhouses"*, se diferencia del proyecto de vivienda en desarrollo por la parte demandada, conocido por Condominio Caparra Chalets, que es uno de edificio de apartamentos en condominio. Nos parece muy acertada la determinación del Tribunal de Primera Instancia, de que no pudo ser establecido por la parte demandante una controversia real y esencial sobre el alegado hecho material de la supuesta confusión del servicio postal y del público con relación a los dos complejos de vivienda. Concluimos que tampoco pudo establecer tal controversia respecto al centro comercial en desarrollo.

No conforme con la sentencia dictada por el Tribunal de Primera Instancia, la parte demandante de autos presentó el recurso de apelación ante nos, señalando como errores cometidos por dicho Tribunal los siguientes:

*"A. Erró el Tribunal de Instancia al dictar una sentencia sumaria desestimando una demanda cuyo fin era proteger el uso del nombre de Chalets de Caparra para identificar un complejo de vivienda desde hace 14 años.*

*B. Erró el Tribunal de Instancia al dictar sentencia sumaria en un caso donde había controversia real sustancial sobre hechos materiales."*

## II

La palabra chalet es un nombre común no suceptible de titularidad patrimonial privada. El toponímico *"Caparra"* es parte del patrimonio común del Pueblo de Puerto Rico, siendo el nombre dado al primer asentamiento europeo en Puerto Rico, y tampoco es susceptible de titularidad privada. Concluimos, que no existe conflicto con la utilización de tales palabras en los nombres de ambos complejos de vivienda, por no ser utilizados de la misma forma. Uno es llamado Chalets de Caparra, y el otro Condominio Caparra Chalets. Además, el primero responde al concepto de *"townhouses"* y el segundo al de condominio de apartamentos. Tampoco encontramos conflicto en la utilización de tal nombre para el proyectado centro comercial, conocido como Plaza Chalets de Caparra, con el primero, por ser de uso comercial y no de vivienda, y no ser el nombre de ambos exactamente igual.

A la parte demandante, aquí apelante, no le asiste base legal alguna para reclamar la utilización con carácter de exclusividad de las palabras *"Caparra"* y *"chalets"* en el nombre de su complejo de vivienda, por no tener título de propiedad sobre las mismas, por no poder ser objeto de apropiación individual tales palabras. █

Los demandantes-apelantes presentaron la causa de acción de autos en aras de proteger el nombre con que se identifica la comunidad residencial donde ellos residen. Su reclamación se basa fundamentalmente en la alegada confusión que se crearía con la utilización de un mismo nombre para identificar dos proyectos de vivienda, así como un centro comercial. Arguyeron ante el Tribunal de Primera Instancia el que con meramente invertir el orden de las palabras *"Caparra"* y *"chalets"* no corrige la alegada confusión en una persona promedio. Alegó, que constituia una sutileza tal cambio y que no sería suficiente para evitar la madeja mental que tal situación produciría. Sostuvo, que tal práctica era contraria al uso y costumbre en nuestra sociedad de identificar proyectos de vivienda con nombres distintos a los ya existentes.

No acertamos a entender el planteamiento del aquí apelante, a los efectos de que lo resuelto por el Tribunal de Primera Instancia en la sentencia apelada no es armónico con el comportamiento social pertinente a la controversia y al ordenamiento jurídico existente. Veamos.

La parte demandada-apelada y el propio Tribunal de Primera Instancia tratan la controversia de autos como una enmarcada dentro del ordenamiento jurídico vigente sobre marcas de fábrica y de servicios, y de nombres comerciales. No compartimos tal óptica.

Las marcas de fábrica, como las de servicio, sirven el propósito de identificar los bienes o servicios que ofrecen o prestan a una persona o institución y los distingue de los bienes y servicios que ofrecen y prestan otras personas, protegiendo la *"plusvalía"* (*"good will"*) del negocio y a los consumidores de cualquier confusión, de forma y manera que éstos puedan distinguir entre productos que compiten entre sí. █

El nombre comercial es aquel signo o denominación que sirve para identificar a una persona en el ejercicio de su actividad empresarial y que distingue su actividad de otras actividades idénticas o similares. **[8]**

Concluimos que la controversia del caso de autos no gira alrededor de una alegada confusión de los consumidores sobre bienes y servicios que ofrecen o prestan distintas personas dentro de determinado mercado y jurisdicción. De igual forma no gira alrededor de una alegada confusión de los consumidores sobre actividades empresariales idénticas o similares.

La Regla 36 de Procedimiento Civil preceptúa lo referente a la sentencia sumaria. ■ Este mecanismo procesal tiene el propósito de facilitar la solución justa, rápida y económica de los litigios civiles ■ que no presentan controversias genuinas de hechos materiales y, por tanto, no ameritan la celebración de un juicio en su fondo. *Pilot Life Ins. Co. v. Crespo Martínez*, 138 D.P.R. ___ (1994), **94 J.T.S. 104,** opinión de 13 de julio de 1994. Utilizada de forma a apropiada, la sentencia sumaria contribuye a descongestionar los calendarios judiciales. *Méndez Arocho v. El Vocero de P.R.*, 131 D.P.R. ___ (1992), **92 J.T.S. 94**, opinión de 30 de junio de 1992. ■

La Regla 36.2 de Procedimiento Civil ■ permite a un demandado presentar una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. *Soto v. Hotel Caribe Hilton,* 137 D.P.R. ___ (1994), **94 J.T.S. 128,** opinión de 17 de octubre de 1994. ■

La parte que solicita la sentencia sumaria en un pleito tiene la obligación de demostrar la inexistencia de una controversia real sobre todo hecho pertinente, que a la luz del derecho sustantivo que determinaría que se dicte sentencia a su favor. *Hurtado Latre v. Osuna y Fresse*, 138 D.P.R. ___ (1995), **95 J.T.S. 98,** opinión de 30 de junio de 1995; *Tello Rivera v. Eastern Airlines*, 119 D.P.R. 83, 86 (1987). Cuando existe controversia en relación con los hechos esenciales no debe dictarse sentencia sumaria y cualquier duda debe resolverse en contra de la parte promovente. *Bonilla Medina v. P.N.P.*, 140 D.P.R. ___ (1996), **96 J.T.S. 33,** opinión de 13 de marzo de 1996; *Cuadrado Lugo v. Santiago Rodríguez,* 126 D.P.R. 272 (1990). **[14]**

Para derrotar una moción de sentencia sumaria, la parte promovida opositora deberá presentar declaraciones juradas y documentos que pongan en controversia los hechos presentados por el promovente. No obstante, el sólo hecho de no presentar evidencia que controvierta la presentada por la parte promovente, no implica que necesariamente proceda la sentencia sumaria. *PFZ Properties, Inc. v. General Accident Ins. Co. P.R., Ltd.,* 136 D.P.R. ___ (1994), **94 J.T.S. 116,** opinión de 7 de septiembre de 1994; *Rivera Santana v. Superior Packaging, Inc.,* 132 D.P.R. ___ (1992), **92 J.T.S. 165,** opinión de 9 de diciembre de 1992. Los jueces no están constreñidos por los hechos o documentos evidenciarios que se aduzcan en la solicitud de sentencia sumaria. Deben considerar todos los documentos en autos, sean o no parte de la solicitud, de los cuales surjan admisiones hechas por las partes. *Cuadrado Lugo v. Santiago Rodríguez, supra.* ■

En términos generales, al dictar sentencia sumaria el tribunal deberá: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción en oposición, así como aquéllos que obren en el expediente del tribunal; (2) determinar si el oponente de la moción controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material; o (4) como cuestión de derecho no procede. *PFZ Properties, Inc. v. General Accident Ins. Co. P.R., Ltd., supra.* **[16]**

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y procederá sólo cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos, surgiendo de los mismos que no existen controversias sobre los hechos materiales pertinentes y que, por lo tanto, lo que resta es aplicar el derecho, ya que una vista en los méritos resultaría innecesaria. *Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 D.P.R. 714, 720 (1986); *Roth v. Lugo*, 87 D.P.R. 386, 397 (1963). **[17]**

El tribunal apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. *Electro-Mechanical Corp. v. Ogan,* 9 F. 3d 445 (6to. Cir. 1993); *Lett v. Magnant,* 965 F. 2d 251 (7mo. Cir. 1992); *Burnett v. Dow Chem. Co.,* 849 F. 2d 1269 (10mo. Cir. 1988); *Helm v. Western Maryland Ry. Co.,* 838 F. 2d 729 (4to. Cir. 1988); *Gatx Aircraft Corp. v. M V Courtney Leigh,* 768 F. 2d 711 (5to. Cir. 1985); *Continental Cas. Co. v. City Of Richmond,* 763 F. 2d 1076 (9no. Cir. 1985); *Mercantile Bank & Trust Co. v. Fidelity & Deposit Co.,* 750 F. 2d 838 (11mo. Cir. 1985); *Burtnieks v. City of New York,* 716 F. 2d 982 (2do Cir. 1983); *Smith v. Our Lady of the Lake Hosp., Inc.,* 639 So. 2d 730 (La. 1994); *O'Cain v. Harvey Freeman & Sons, Inc.,* 603 So. 2d 824 (Miss. 1991); *Baugham v. American Tel. & Tel. Co.,* 410 S.E. 2d 537 (S.C. 1991); *Reagan v. Union Oil Co. of California,* 675 P. 2d 953 (Mont. 1984); Wright, Miller & Kane, *op. cit.,* Vol. 10, 2da ed., § 2716, pág. 643. █

Sin embargo, al revisar la determinación de instancia, el tribunal de apelación está limitado de dos maneras: primero, sólo puede considerar los documentos que se presentaron ante el foro de instancia. Las partes no pueden añadir en apelación exhibits, deposiciones o afidávits que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo. *Vaughn v. Sexton,* 975 F. 2d 498 (8vo. Cir.), *certiorari* denegado 122 L. Ed. 2d 664 (1992); *O.R.S. Distilling Co. v. Brown-Forman Corp.,* 972 F. 2d 924 (8vo. Cir. 1992); *Lippi v. City Bank,* 955 F. 2d 599 (9no. Cir. 1992); *Topalian v. Ehrman,* 954 F. 2d 1125 (5to. Cir. 1992); *Welch v. Celotex Corp.,* 951 F. 2d 1235 (11mo. Cir. 1992); *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of America,* 935 F. 2d 1152 (10mo. Cir. 1991); *Nissho-Iwai Am. Corp. v. Kline,* 845 F. 2d 1300 (5to. Cir. 1988); *Voutour v. Vitale,* 761 F. 2d 812 (1er. Cir. 1985); *Kriegsmann v. Barry-Wehmiller Co.,* 739 F. 2d 357 (8vo. Cir.), *certiorari* denegado, 469 U.S. 1036 (1984); *Tarpley v. Greene,* 684 F. 2d 1 (D.C. Cir. 1982); *Drexel v. Union Prescription Centers, Inc.,* 582 F. 2d 781 (3er Cir. 1978); *City of Highland Park v. Train,* 519 F. 2d 681 (7mo. Cir.), *certiorari* denegado, 424 U.S. 927 (1975); *Ramsey v. United States,* 463 F. 2d 815 (D.C. Cir.) *certiorari* denegado, 421 U.S. 913 (1972); *Marion County Co-op. Assn. v. Carnation Co.,* 214 F. 2d 557 (8vo. Cir. 1954); *Kackner v. Morgan,* 130 F. 2d 300 (2do. Cir.), *certiorari* denegado, 317 U.S. 691 (1942); Wright, Miller & Kane, *op. cit.,* Vol. 10, 2da ed., § 2716, pág. 651. Véanse también, *e.g. Ortiz Torres v. K. & A. Developers, Inc.,* 136 D.P.R. \_\_\_ (1994), **94 J.T.S. 78,** opinión de 25 de mayo de 1994; *Autoridad sobre Hogares v. Sagastivelza,* 71 D.P.R. 436, 439 (1950). Segundo, el tribunal apelativo solamente puede determinar si existe o no alguna controversia genuina de hechos materiales y si el derecho se aplicó de forma correcta. No puede adjudicar los hechos materiales en disputa. Esa tarea le corresponde al foro de instancia. *New York v. United States,* 942 F. 2d 114 (2do. Cir. 1991), revocado en parte por otros motivos, 120 L. Ed. 2d 120 (1992); *Kort v. Western Sur. Co.,* 705 F. 2d 278 (8vo. Cir. 1983); *Ed Houser Enterprises, Inc. v. General Motors Corp.,* 595 F. 2d 366 (7mo. Cir. 1978); Yazzie F. Olney, Lew, Kaplan & Tenner, 593 F. 2d 100 (9n° Cir. 1979); *Exnicious v. United States,* 563 F. 2d 418 (10 mo. Cir. 1977); *Central Oil & Supply Corp. v. United States,* 557 F. 2d 511 (5to. Cir. 1977); *Goodman v. Mead Johnson & Co.,* 534 F. 2d 566 (3er Cir.), *certiorari* denegado, 429 U.S. 1038 (1976); *United States v. General Motors Corp.,* 518 F. 2d 420 (D.C. Cir. 1975); Wright, Miller & Kane, *op. cit.,* Vol. 10, 2da ed., § 2716, págs. 655-56. █

No habiendo demostrado la parte demandante-apelante la existencia de una controversia real y esencial sobre el hecho material de la confusión del servicio postal y del público alegada por esa parte, no hemos sido colocados en posición de intervenir con las determinaciones del tribunal revisado.

## III

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 98 DTA 186**

1. Apéndice III, págs. 5-8, del recurso de apelación.

2. Apéndice V, págs. 13-17, *Ibid.*

**3.** El Tribunal de Primera Instancia concluyó que de esa forma surgía de la minuta de presentación al Registro de la Propiedad de Puerto Rico.

**4.** Apéndice X, págs. 27-37 del recurso de apelación.

**5.** Apéndice XI, págs. 38-58, *Ibid.*

**6.** La parte demandante-apelante admitió en su solicitud de sentencia sumaria que no existe ley alguna que regule el uso de los nombres de los proyectos de vivienda en Puerto Rico. Arguyó ante el Tribunal de Primera Instancia, que en ausencia de derecho positivo, el Artículo 7 del Código Civil de Puerto Rico, 31 L.P.R.A. § 7, le ordena a los tribunales utilizar el concepto de equidad para resolver las controversias justiciables que se presenten ante sí.

**7.** *Posadas de Puerto Rico Associates Incorporated v. Sand's Hotel y Casino, Inc.*, 131 D.P.R. ___ (1992), **92 J.T.S. 89**, opinión de 30 de junio de 1992.

**8.** Ley Núm. 75 del 23 de septiembre de 1992, 10 L.P.R.A. § 225 (a).

**9.** 32 L.P.R.A. Ap. III, R. 36.

**10.** Regla 1 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, R. 1.

**11.** *Arroyo v. Padilla*, **96 D.T.A. 160**, sentencia del Circuito Regional IV de este Tribunal del 25 de octubre de 1996, Martínez Torres, Juez Ponente, pág. 634.

**12.** 32 L.P.R.A. Ap. III, R. 36.2.

**13.** *Arroyo v. Padilla, supra,* pág. 634.

**14.** *Id.*, pág. 634.

**15.** *Id.*, pág. 634.

**16.** *Id.*, pág. 634.

**17.** *Id.*, pág. 635

**18.** *Id.*, pág. 636.

**19.** *Id.*, pág. 636.