[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2000
THOMAS K. KAHN
CLERK

—————————————

No. 99-12410

—————————————

D. C. Docket No. 97-00366-CV-4

GABRIELLE BREDA,

Plaintiff-Appellant,

versus

WOLF CAMERA & VIDEO,

Defendant-Appellee.

—————————————

Appeal from the United States District Court
for the Southern District of Georgia

—————————————

**(August 14, 2000)**

Before ANDERSON, Chief Judge, BLACK and HALL[*], Circuit Judges.

BLACK, Circuit Judge:

---

[*]Honorable Cynthia Holcomb Hall, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Appellant Gabrielle Breda brought this action against Appellee Wolf Camera & Video, her former employer, after resigning from her position as a sales associate at one of Appellee's stores. Appellant alleges she was subjected to a hostile work environment based on sex and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, and Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101.[1] The district court granted Appellee's motion for summary judgment on Appellant's claims. We conclude the district court erred in granting summary judgment to Appellee on Appellant's sex-based hostile work environment claim, and accordingly reverse and remand.

## I. BACKGROUND

Appellee is an Atlanta-based corporation that sells cameras, film, and camera accessories, and provides photo-finishing and imaging services. On October 10, 1995, Appellant was hired as a sales associate at Appellee's store in the Oglethorpe Mall in Savannah, Georgia. The Oglethorpe store is open every day during the same hours as the shopping mall. A store manager directly supervises all employees, and a district manager visits the store once every five or six weeks to oversee the store manager.

---

[1] We affirm without discussion the district court's grant of summary judgment to Appellee on Appellant's disability harassment claim. *See* 11th Cir. R. 36-1.

The employees at the Oglethorpe store work in either sales or the photo-processing lab. After she was hired, Appellant became one of three full-time sales associates at the store, and, like the other sales associates, she worked approximately 40 hours per week with 2 days off each week.

Appellant alleges she was subjected to sexual harassment throughout her employment with Appellee. On December 20, 1996, Appellant resigned from her employment with Appellee because of this alleged harassment. She subsequently instituted this action, claiming she was subjected to a hostile work environment in violation of Title VII. The district court granted summary judgment to Appellee on Appellant's claim after concluding Appellant had not established a prima facie case of hostile work environment sexual harassment because she had not demonstrated a basis for holding Appellee liable for the harassment.

We review a district court's grant of summary judgment de novo, applying the same legal standards as the district court. *See Harris v. H & W Contracting Co.*, 102 F.3d 516, 518 (11th Cir. 1996). We review the record and all inferences drawn therefrom in the light most favorable to the non-moving party. *See Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). We will affirm the district court if the record demonstrates there is no genuine issue as to any material fact and  the moving

party is entitled to judgment as a matter of law. *See Fernandez v. Banker Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990).

## II. DISCUSSION

Appellant alleges she was subjected to a continuous pattern of sexual harassment by one of her co-workers, Robert Morris, that commenced the day she began working for Appellee.[2] Appellant states she repeatedly complained of Morris' conduct to Sharpley, the store manager. Sharpley, on the other hand, disputes the number and timing of complaints made by Appellant and contends the complaints reflected not sexual harassment, but only general animosity between co-workers.

To establish a prima facie case of hostile work environment sexual harassment, the plaintiff must demonstrate a basis for holding the employer liable for the harassment. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1245 (11th Cir. 1999) (en banc), *cert. denied*, 120 S. Ct. 1674 (2000).[3] Employer liability in a case involving

---

[2] Appellant also alleges another co-worker, Darryl Reynolds, engaged in sexually harassing conduct toward her, including commenting on Appellant's physical appearance and making lewd statements. The focus of Appellant's complaints, however, appears to be on Morris' conduct.

[3] The other elements of a prima facie case of hostile work environment sexual harassment require a plaintiff to establish: (1) she is a member of a protected group; (2) she was the subject of unwelcome sexual harassment; (3) the harassment occurred because of her sex; and (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment. *See Mendoza*, 195 F.3d at 1245. The district court granted summary judgment on this claim because of its conclusion that Appellant had not established a basis for holding Appellee liable for the harassment. Accordingly, we address only whether Appellant has established the employer liability element. We express no opinion as to whether Appellant has demonstrated the other elements of a hostile work environment sexual harassment claim.

4

sexual harassment by a co-worker exists when the employer knew (actual notice) or should have known (constructive notice) of the harassment and failed to take remedial action. *See Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982).

Appellant contends the district court erred in concluding Appellant had not established notice by Appellee through either of these methods. In addition, it was argued that Appellee *also* had notice of the harassment under the agency concept of apparent authority, which imputes a supervisor's knowledge of harassment to the employer when the employer held out the supervisor as possessing the authority to act on complaints of harassment. *See* Restatement (Second) of Agency §§ 8, 27, 273. Appellee's internal management policy directs all store managers to refer complaints of harassment to the district manager or Personnel Department. Thus, it was argued, under the concept of apparent authority, Appellee had notice of the harassment through Sharpley, who was obligated under Appellee's own policy to respond to complaints of harassment by reporting them further up the company hierarchy.

In this case, however, whether Sharpley had *apparent* authority sufficient to render Appellee liable is irrelevant because Sharpley had *actual* authority to receive complaints of harassment on behalf of the company. Appellee had a clear employment policy stating: "Anyone who believes that he or she is being subjected to harassment or who has witnessed such harassment must immediately notify his or

her manager. If the problem is not immediately resolved, that associate should contact the Personnel Department." In *Coates v. Sundor Brands, Inc.*, 164 F.3d 1361 (11th Cir. 1999), we held that if an employer has a company policy specifically designating the person or persons to whom an employee should report instances of suspected sexual harassment, once the employee complains to the designated person or persons, the employer is deemed to have actual notice of the harassment. *See id.* at 1364. With such a policy, the employer "itself answered the question of when it would be deemed to have notice of the harassment sufficient to obligate it or its agents to take prompt and appropriate remedial measures." *Id.*; *see also Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290, 1300 (11th Cir. 2000) (concluding the employer had established when it had been given sufficient notice by specifically designating the company representatives who should be contacted in cases of suspected harassment).

When an employer has a policy for reporting harassment that is clear and published to its employees, and an employee follows that policy, the employer's notice of the harassment is established by the terms of the policy. Through its policy, the employer has given the designated person explicit *actual* authority to handle the complaints. Whether the designated person has *apparent* authority is not relevant to the inquiry—his or her actual authority already has been established through the terms of the employer's policy.

Consequently, if a company has a clear and published policy that outlines the procedures employees must follow in reporting cases of suspected harassment, courts determining whether employer liability has been established need not delve into the internal policies of the company to determine whether the person to whom the complaints of harassment were made had the apparent authority to respond to such complaints. Furthermore, employees of such companies who believe they are victims of harassment need not be concerned with whether they pursued their complaints far enough up the company ladder. The sole inquiry when the employer has a clear and published policy is whether the complaining employee followed the procedures established in the company's policy.

In this case, by specifically designating store managers as the company representatives to whom complaints of sexual harassment must be made, Appellee itself has established that information provided to store managers constitutes actual notice by Appellee. It is undisputed that Sharpley was the store manager of the location at which Appellant was employed. It is also undisputed that Appellant complained to Sharpley about Morris' alleged harassment on at least four or five occasions. Appellant therefore followed the procedures outlined in Appellee's

policy.[4]  Consequently, we hold the district court erred in concluding Appellant's complaints to Sharpley were insufficient as a matter of law to provide actual notice of the harassment to Appellee.[5]

Although we conclude Appellant's complaints to Sharpley raised a genuine issue of material fact concerning Appellee's actual notice of the alleged harassment, we find the record insufficient to determine whether Sharpley was adequately informed that Appellant believed she was the victim of sexual harassment.  There are factual disputes as to the number and timing of complaints Appellant made to Sharpley.  In addition, there is disagreement over whether Appellant's complaints specifically indicated she was complaining of *sexual* harassment rather than general workplace animosity between co-workers.  Accordingly, we remand the hostile work environment sexual harassment claim.

---

[4] Appellee's policy states an employee *must* complain of suspected harassment to his or her store manager, and *should* contact the Personnel Department if the problem is not resolved. Thus, while Appellee's policy suggests that an employee pursue the matter with the Personnel Department if the harassment continues, the only mandatory requirement of the policy is that the store manager be informed of the harassment.  We therefore reject Appellee's argument that it should not be deemed to have actual notice of the harassment because Appellant did not follow the policy's suggestion to complain beyond Sharpley; Appellee's employees need not act in a manner not required by Appellee's own policy.

[5] Appellant also argues the district court erred in determining Appellee did not have *constructive* notice of the harassment because Appellee had a well-defined anti-harassment policy that insulated it from liability based on a constructive notice theory.  *See Farley v. American Cast Iron Pipe Co.*, 115 F.3d 1548, 1554 (11th Cir. 1997).  We do not address this issue because we conclude the district court erred in determining as a matter of law Appellee did not have actual notice of the harassment.

### III.  CONCLUSION

We conclude the district court erred in finding Appellant's complaints of sexual harassment to her store manager were insufficient as a matter of law to establish actual notice of the harassment by Appellee.  We therefore reverse the district court's grant of summary judgment on this claim, and remand to allow the district court to resolve factual disputes regarding the timing, extent, and nature of Appellant's complaints.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.