[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13001
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00193-JRH-BKE

JAMES E. KING,

Plaintiff-Appellant,

versus

SECRETARY, US DEPARTMENT OF THE ARMY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(June 15, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

James King appeals the district court's grant of summary judgment in favor of John M. McHugh, the Secretary of the Department of the Army ("the Army"). King argues on appeal the Army's legitimate, non-discriminatory reason for charging him with being absent without leave ("AWOL") was a pretext for retaliation against his protected conduct.[1]  He argues that he did not violate the appropriate sick leave policies and that his supervisor retaliated against him by charging him with being AWOL.  Additionally, he argues that the district court improperly found facts in favor of the Army during summary judgment.

We review a district court's grant of summary judgment *de novo*.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  "A party seeking summary judgment must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) (quotations omitted).  In deciding a summary judgment motion, a district court's function is not to resolve issues of material fact, but rather to determine whether there are any such issues to be tried.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S. Ct. 2505, 2511-12, 91 L.Ed.2d 202 (1986).  Moreover, when

---

[1]    In addition to his AWOL-related retaliation claim, King also alleged additional claims of reprisal, racial discrimination, and a hostile work environment, which the district court dismissed.  Because King is not challenging the district court's dismissal of his other claims on appeal, we consider these claims abandoned. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

2

ruling on a motion for summary judgment, any inferences must be viewed in the light most favorable to the party opposing the motion. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). Additionally, "a mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

Title VII forbids a private employer from retaliating against an employee because he has opposed "an unlawful employment practice . . . or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a). While § 2000e-16 does not specifically mention retaliation, we have noted that the provision expanded coverage of Title VII to federal employees to the same extent as non-federal employees. *Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1243 (11th Cir. 1998).

When a plaintiff presents only circumstantial evidence of retaliation, we analyze his claim under the framework announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05, 93 S. Ct. 1817, 1824-26, 36 L. Ed. 2d 668 (1973). If the plaintiff makes out a *prima facie* case, and the employer articulates a legitimate, nondiscriminatory reason for the adverse action, then the plaintiff bears the burden of showing that the reason offered was merely pretextual. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002). After the employer has met its

3

burden, the plaintiff bears the burden of showing that the reason offered was merely pretextual. *Id.* To establish pretext, a plaintiff must come forward and show, by a preponderance of the evidence, that the reason given by the employer was not the real reason for the adverse employment decision, but was a pretext for discrimination. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981).

"[A] reason cannot be proved to be 'a pretext for discrimination' unless it is shown *both* that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752, 125 L. Ed. 2d 407 (1993) (emphasis in original). We have stated that if "the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason," or showing that the decision was based on erroneous facts. *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (*en banc*). An employer's deviation from its established policies may be evidence of pretext. *See Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1299 (11th Cir. 2006). Additionally, while the burden of causation may be met by showing close temporal proximity between a plaintiff's protected activity and an adverse employment action, temporal proximity, alone, must be "very close." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

4

However, while close temporal proximity between the protected action and adverse employment action is evidence of pretext, it is not necessarily sufficient alone to establish pretext. *Hurlbert*, 439 F.3d at 1298.

An asserted "work rule" violation may be pretextual if the plaintiff proffers evidence that he did not actually violate the rule or, if he violated the rule, other employees who committed similar violations were not similarly treated. *Damon v. Fleming Supermarkets of Florida*, 196 F.3d 1354, 1363 (11th Cir. 1999). Nevertheless, "[a]n employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct." *Id*. at 1363 n.3. Thus, when an employer violates its own policies, it does not necessarily indicate that the employer's given reason is pretextual. *Springer v. Convergys Customer Mgmt. Group, Inc.*, 509 F.3d 1344, 1350 (race discrimination case). Thus, whether an employment decision was prudent or fair is irrelevant. *Rojas*, 285 F.3d at 1342. Ultimately, a plaintiff must show that his protected activity was a but-for cause of the alleged adverse action by the employer. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533–34, 186 L.Ed.2d 503 (2013).

The district court did not err in concluding that King failed to establish that the Army's legitimate, non-discriminatory reason for charging him with being AWOL was pretextual. Although King's AWOL charges were in close temporal

5

proximity to his protected conduct, the only other evidence tending to show falsity was the disputed nature of the leave policy.  While a failure to follow established policies can be evidence of pretext, in this case, King did not present evidence showing that his supervisor's true reason for charging him with being AWOL was retaliatory.  *See Damon*, 196 F.3d at 1363.  Even if King followed leave procedures, he presented no evidence outside of the temporal proximity and poor relationship he had with his supervisor to suggest that his supervisor intended to retaliate against him for engaging in protected conduct.  Because a *scintilla* of evidence is not sufficient to survive summary judgment, the district court did not err in granting summary judgment in favor of the Army.  *See Young*, 358 F.3d at 860.  Additionally, the district court did not improperly find facts in favor of the Army because the district court reached its verdict under the assumption that King followed proper leave procedures.   Therefore, King did not show either pretext or that retaliation was the but-for cause of Peloquin's actions, and we affirm.  *See Nassar*, 133 S. Ct. at 2533–34.

**AFFIRMED.**