**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-11991

Non-Argument Calendar

————————————

JAMES BROWN,

*Plaintiff-Appellant,*

*versus*

E.T. BROWNE DRUG COMPANY,

*Defendant-Appellee.*

————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:24-cv-05222-LMM

————————————

Before JORDAN, KIDD, and ANDERSON, Circuit Judges.

PER CURIAM:

James Brown, proceeding pro se, appeals the district court's order dismissing his diversity products liability lawsuit as untimely.

He argues that the district court erred by misapplying Georgia's accrual law.

We review de novo a district court's "interpretation and application of a statute of limitations." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017). When it is apparent from the face of a complaint that the claims asserted therein are time-barred, the complaint is subject to dismissal pursuant to Rule 12(b)(6). *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296 (11th Cir. 2021). We review the record and all inferences drawn in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Our Rule 12(b)(6) decisions have adopted the 'incorporation by reference' doctrine, . . ., under which a document attached to a motion to dismiss may be considered by the court . . . if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citation omitted). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id.*

A federal court sitting in diversity applies the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Statutes of limitations are substantive laws and must be

followed in diversity actions. *Cambridge Mut. Fire Ins. Co. v. Claxton*, 720 F.2d 1230, 1232 (11th Cir. 1983).

Under Georgia law, "actions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33. The two year statute of limitations in § 9-3-33 also governs product liability claims that involve injury to the person. *Smith, Miller & Patch v. Lorentzson*, 327 S.E. 2d 221, 222 (Ga. 1985). Georgia has a statute of repose for strict liability claims brought against product manufacturers which requires that the claim be brought within "ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." O.C.G.A. § 51-1-11(b)(2).

In an action for personal injuries under Georgia law, "the statute of limitations commences at the time the damage or injury is actually sustained." *Everhart v. Rich's, Inc.*, 194 S.E. 2d 425, 428 (Ga. 1972). A continuous tort is one where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time. *Id.* In the case of a continuing tort, Georgia courts have espoused the "discovery rule," which holds that a cause of action accrues when a plaintiff discovers, or with reasonable diligence should have discovered, both the injury and the cause thereof. *Waters v. Rosenbloom*, 490 S.E. 2d 73, 75 (Ga. 1997). We have previously recognized that, "the Georgia Supreme Court has explicitly limited the discovery rule's application to cases of bodily injury which develop only over an extended period of time." *M.H.D. v. Westminster Sch.*, 172 F.3d 797, 804 (11th Cir. 1999)

(quoting *Corp. of Mercer Univ. v. Nat'l Gypsum Co.*, 368 S.E. 2d 732, 733 (Ga. 1988)).

In *Welch*, the plaintiff filed a personal injury action against Celotex, a manufacturer of asbestos products, for his asbestos-related injuries diagnosed in 1987. The district court granted summary judgment to Celotex based on the two-year statute of limitations, finding that Welch had asserted an asbestosis injury in a worker's compensation suit against his employer in 1984. 951 F.2d at 1236. We reversed and remanded, holding that the record, viewed in the light most favorable to Welch, supported a finding that he neither knew or should have known that his 1984 injury was due to wrongful conduct by Celotex, and that the 1984 claim had not started the statute of limitations because he did not know of Celotex's involvement until consulting with his attorney in 1987. *Id.* at 1236-38.

When a litigant is proceeding pro se, we liberally construe his pleadings in the district court and his briefing on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Despite this liberal construction, a court may not "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014) (quotation marks omitted). Thus, "issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson*, 518 F.3d at 874.

Here, Brown's claims are barred by the applicable statute of limitations. The record shows that Brown went to the doctor on November 18, 2021, complaining of dark discoloration following

his use of hydroquinone cream, and suspected exogenous ochronosis.  To the extent Brown argues that the district court disadvantageously credited E.T. Browne's evidence of his medical records in its motion to dismiss, his argument fails.  The district court properly considered the medical records submitted by E.T. Browne in its motion to dismiss because those records are central to Brown's claims and he has not challenged the authenticity of the document.  *Horsley*, 304 F.3d at 1134.  And contrary to his argument—that redactions of his medical records undermined the integrity of the proceedings—there was no error in redacting his sensitive information for privacy concerns, and the unredacted version, which he later submitted to the court, does not change this analysis.  Moreover, in his opposition to the motion to dismiss in the district court, Brown conceded that his injury was discovered and diagnosed in the year 2021.  *See* Doc. 15 at 3 ("Plaintiff['s] permanent injury of Ochronosis done by the use of E.T Browne Drug Company was discovered and diagnosed in the year 2021 by medical professionals").  Thus, because his injury occurred on November 18, 2021, his window to file suit arising from those injuries, absent any tolling, closed on November 18, 2023.  *Everhart*, 194 S.E. 2d at 428.  But he did not sue E.T. Browne until November 14, 2024.  That is simply too late, and his suit is barred by the statute of limitations.

Additionally, Brown's proffered argument for tolling his case under Georgia's discovery rule does not save his case.  He contends that his claim was tolled until the "date of loss" on December 8, 2022.  Nonetheless, Brown conceded that his permanent injury

of ochronosis, caused by the use of E.T. Browne's Fade Cream, "was discovered and diagnosed in the year 2021 by medical professionals." The record further supports a 2021 diagnosis because his medical records indicate that he went to a dermatologist on November 18, 2021, complaining of dark discoloration after years of using hydroquinone, and he suspected exogeneous ochronosis. And unlike Welch, Brown never attested that he was unaware of any wrongful conduct committed by E.T. Browne. *See Welch*, 951 F.2d at 1238. To the contrary, Brown suggested to his doctor that his skin damage was caused by his use of hydroquinone cream, a product he had been using from E.T. Browne. Therefore, the facts supporting Brown's claims, viewed in the light most favorable to him, were apparent to a reasonable person in 2021. *Welch*, 951 F.2d at 1237; *Waters*, 490 S.E. 2d at 75.

Lastly, Brown references "the ten-year statute of repose," without citing to the statute. In liberally construing his brief, the 10-year statute of repose does not apply here because Brown stated that he began using E.T. Browne's product when he was 15 years old, and his medical records from November 18, 2021, indicated that he was 33 years old. *Timson*, 518 at 874. Because the date in which Brown first began using the product was more than ten years before this lawsuit, his suit is time-barred under Georgia's strict liability statute of repose. O.C.G.A. § 51-1-11(b).

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**